UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
-----------------------------------------------------------X
ZION WILLIAMSON,
                              Plaintiff,

    -against-

PRIME SPORTS MARKETING, LLC AND
GINA FORD,
                              Defendants.
-----------------------------------------------------------X

## AFFIDAVIT IN SUPPORT

STATE OF FLORIDA      )
                                 )SS:
COUNTY OF MIAMI-DADE  )

        I, GINA FORD, being duly sworn, deposes and states:

1.     I am the individually named Defendant in the above captioned action and am the President and CEO of Defendant PRIME SPORTS MARKETING, LLC in the above captioned action.

2.     I submit this Affidavit in Support of Defendants' motion, pursuant to Federal Rule of Civil Procedure 12(b), to dismiss Plaintiff's First Amended Complaint herein.

3.     I reside, am a citizen of and am domiciled in the State of Florida, in and for the County of Miami-Dade.

4.     I maintain my principal place of business/headquarters for my company, Defendant PRIME SPORTS MARKETING, LLC, at 13465 SW, 151 Terrace, Miami, Florida 33186 in the State of Florida and in and for the County of Miami-Dade.

5. I am a single mother of two children.

6. That my business operations and personal family life require me and my company to be domiciled in the State of Florida.

7. That the April 20, 2019 Consulting and Joint Marketing and Branding Agreement/Contract that Plaintiff, an adult, voluntarily entered into with your affirmant and my company, clearly states, to which Plaintiff agreed, that the laws of the State of Florida govern the contract and any dispute thereof. See Exhibit "A" at Exhibit "B".

8. That at the time of the execution of the April 20, 2019 Consulting and Joint Marketing and Branding Agreement/Contract that Plaintiff, an adult, voluntarily entered into, Plaintiff was a citizen of South Carolina and provided your affirmant with a copy of his South Carolina Driver's License as his identification.

9. That Plaintiff's South Carolina Driver's License that he presented me with a copy of at the time of the execution of the April 20, 2019 Consulting and Joint Marketing and Branding Agreement, confirmed his South Carolina address in Boiling Springs, South Carolina. See Exhibit "C".

10. That at the time of the execution of the April 20, 2019 Consulting and Joint Marketing and Branding Agreement/Contract that Plaintiff, an adult, voluntarily entered into, Plaintiff was a temporary transient student at Duke University and was only temporarily staying with his parents in North Carolina for the sole purpose of attending college and playing basketball for Duke University.

11. That at no time prior to the execution of the April 20, 2019 Consulting and Joint Marketing and Branding Agreement/Contract, nor subsequent thereto, did Plaintiff

2

and/or his parents ever advise your affirmant or anyone from my company, that he was making or intended to make North Carolina his permanent and/or indefinite home.

12. That at no time prior to the execution of the April 20, 2019 Consulting and Joint Marketing and Branding Agreement/Contract, nor subsequent thereto, did Plaintiff and/or his parents ever present or provide your affirmant, or anyone from my company, with any North Carolina Driver's License and/or any other North Carolina State identification.

13. That prior to, at the time of and subsequent to the execution of the April 20, 2019 Consulting and Joint Marketing and Branding Agreement/Contract, Plaintiff and his parents made it clear to your affirmant and to the public that Plaintiff was declaring as an early entrant to/for the 2019 NBA Draft and that he was going to be "one and done" with Duke University as he was projected by all experts to be the Number 1 Draft pick for the 2019 NBA Draft which, in fact, Plaintiff was on June 20, 2019.

14. That your affirmant, on behalf of myself and my company PRIME SPORTS MARKETING, LLC, on June 19, 2019, initiated and commenced an action in the Eleventh Judicial District for the circuit Court of the State of Florida, in and for Miami-Dade County entitled: *Prime Sports Marketing, LLC and Gina Ford v. Zion Williamson, Creative Artists Agency (CAA), Austin Brown and Lisa Josephs Metellus*, Case No.: 2019-018705-CA-01. See Exhibit "A".

15. That your affirmant's Florida action names and includes all of the necessary and material parties to the entire within dispute, to wit: Zion Williamson, Creative Artists Agency, LLC, Austin Brown and Lisa Josephs Metellus where Plaintiff's within action fails to name and include the material and necessary parties, to wit: Creative Artists Agency,

3

Austin Brown and Lisa Josephs Metellus. <u>See</u> Exhibit "A". That your affirmant's Florida action addresses and covers all of the issues/matters in dispute, including the very issue and matter that Plaintiff asserts in the within action, including but not limited to: breach of contract, conspiracy, fraud, unlawful tortuous interference with contract, violation of the Florida Uniform Trade Secrets Act ("FUTSA"). <u>See id.</u>

16. That Plaintiff's within action fails to assert, cover or address any of the foregoing claims and merely asserts and addresses the issue of seeking judicial intervention to void the April 20, 2019 Consulting and Joint Marketing and Branding Agreement/Contract which Plaintiff unlawfully breached and which Creative Artists Agency, LLC, Austin Brown and Lisa Josephs Metellus unlawfully interfered with.

17. That Plaintiff was drafted as the Number 1 Draft pick to the New Orleans Pelicans in Louisiana and, as such, he is now in the State of Louisiana.

18. That Creative Artists Agency, LLC and Lisa Josephs Metellus are domiciled and/or maintain a principal place of business in the State of Florida. <u>See</u> Exhibit "A".

19. That litigating and having to defend the within action in North Carolina will be very costly, expensive and time-consuming and, as such, will be unduly burdensome and unduly prejudicial to your affirmant and your affirmant's company as it will require me to be away, as a single mother, from my children and to be away from my business in order to travel by and between Florida and North Carolina in order to defend and litigate the within action including, but not limited to: depositions, hearings and trial.

20. That Florida is the more appropriate and convenient forum to litigate the

4

entire within dispute <u>by and between all of the necessary and material parties to/interested in the dispute herein</u>, especially when your affirmant and your affirmant's company are domiciled in Florida, when the contract in dispute calls for the laws of the State of Florida to govern this dispute, when necessary and material parties Creative Artists Agency and Lisa Josephs Metellus are also domiciled/maintain a principal place of business in Florida, when, Plaintiff now himself is in Louisiana which is closer to Florida than it is to North Carolina, and, when your affirmant's Florida action already names and includes all necessary/material/interested parties and already addresses/asserts/covers all issues and matters in dispute herein.

21. That litigating the entire within dispute in Florida, and not in North Carolina will not be prejudicial and/or unduly burdensome to Plaintiff as Plaintiff has no ties to North Carolina, as Plaintiff is now in Louisiana and as he is already litigating this dispute in Florida, including being represented by the very same attorneys.

**WHEREFORE,** your affirmant respectfully requests that Defendants PRIME SPORTS MARKETING, LLC and GINA FORD'S motion to dismiss pursuant to FRCP 12(b) be granted in its entirety.

Dated: September 11, 2019

_____
GINA FORD, Individually, and as President of/on behalf of PRIME SPORTS MARKETING, LLC

Sworn to before me on this 11
day of September 2019

The foregoing instrument was acknowledged before me this 11 day of September 2019 by Gina Ford

who produced
as valid identification:
FL-DL F630-297-63-593-1

5


Notary Public

