Docket No: 1:19-cv-00593 (LCB)(JLW)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
-----------------------------------------------------------X
ZION WILLIAMSON,
                            Plaintiff,
    -against-

PRIME SPORTS MARKETING, LLC AND
GINA FORD,
                            Defendants.
-----------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC**
21 E. Osceola Street
Stuart, Florida 34994-2213
(772) 283-8260; (772) 220-3343(fax)

**DRUMMOND & SQUILLACE, PLLC**
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050; (718) 298-554(fax)

**LAW OFFICE OF ALVIN L. PITTMAN**
Airport Center Building
5901 W. Century Blvd., Suite 412
Los Angeles, California 90045
(310) 337-3077; (310) 337-3080(fax)

*ATTORNEYS FOR DEFENDANTS PRIME SPORTS MARKETING, LLC AND GINA FORD*

## TABLE OF CONTENTS

|    |                                                                                                                                                 | Page |
|----|-------------------------------------------------------------------------------------------------------------------------------------------------|------|
| 1. | Reply Statement of Additional Relevant Facts……………………                                                                                            | 1    |
| 2. | The Diversity of Citizenship Jurisdiction Statute Was Not Intended to be a Weapon for Forum Shopping …………..………………                              | 5    |
| 3. | This Court Should Dismiss Plaintiff's Action as Plaintiff Failed To Join a Necessary Party to the Within Action…………….                           | 5    |
| 4. | As Defendants Properly Assert and Move for Dismissal Based Upon *Forum Non Conveniens,* This Honorable Court Should Dismiss the Within Action………………………………………………………….. | 8    |
| 5. | Conclusion………………………………………………………………..                                                                                                            | 10   |

# TABLE OF AUTHORITIES

**Cases**                                                                                       Page(s)

Brown v. Flowers,
297 F Supp2d 846, 850 (M.D. NC 2003)……………………………            10

Collins v. Straight, Inc.,
748 F2d 916, 921 (4th Cir. 1984)……………………………………            10

Davis Companies v. Emerald Casino, Inc.,
268 F3d 477, 481 (7th Cir. 2001)……………………………………            6

Gulf Oil Corp. v. Gilbert,
330 US 501, 508 (1946)……………………………………………            10

Moore v. Ashland Oil, Inc.,
901 F2d 1445, 1447 (7th Cir. 1990)…………………………………            6

Norwood v. Kirkpatrick,
349 US 29, 32 (1955)………………………………………………            10

Provident Tradesmens Bank & Trust Co. v. Patterson,
390 US 102 (1968)…………………………………………………            6

Rebel Debutante LLC v. Forsythe Cosmetic Group, LTD,
799 F Supp2d 558, 564 (M.D. NC 2011)……………………………            10

Speed Trac. Techs., Inc. v. Estes Express Lines, Inc.,
567 F Supp2d 799, 802 (M.D. NC 2008)…………………………            10

Thomas v. United States,
189 F3d 662, 667 (7th Cir. 1999)……………………………………            7

United States ex rel. Hall v. Tribal Dev. Corp.,
100 F3d 476, 478 (7th Cir. 1996)……………………………………            6

**Federal Rules of Civil Procedure:**

FRCP 12(b)(7)………………………………………………………            5,7,8

FRCP 19……………………………………………………………..            6

FRCP 19(a)…………………………………………………………            5,6,8

FRCP 19(a)(1)(A).................................................... 5,8

FRCP 19(a)(1)(B)(ii)............................................... 5,8

FRCP 19(b)........................................................... 5,6,7,8

FRCP 19 (c).......................................................... 5,8

**REPLY STATEMENT OF ADDITIONAL RELEVANT FACTS**

1. On April 20, 2019, Plaintiff was an adult who had long engaged in intentional, cunning, comprehensive and strategic decision making for his collegiate and professional basketball career. Plaintiff and his parents intentionally and strategically selected Duke University for Plaintiff to attend in order to gain the most advantage in Plaintiff becoming the Number 1 NBA Draft pick; intentionally chose for Plaintiff to be "One and Done" after one year at Duke University, and, strategically declared as an early entrant for the 2019 NBA Draft. Plaintiff's and his parents' history of public statements and conduct demonstrates that, for decisions affecting his basketball and financial career, Plaintiff and his parents are well researched, thoroughly informed, analytical and deliberate.

2. Plaintiff now incredulously claims that, in the confines of his house and right in front of his parents, he was duped by Ms. Ford into signing the April 20, 2019 contract.

3. The North Carolina "UAAA" Statute is not applicable as Plaintiff was not a student athlete when he executed the April 20, 2019 contract. As such, Ms. Ford need not be a registered agent in North Carolina and the April 20, 2019 contract need not contain the UAAA statutory language claimed by Plaintiff.

4. Prior to any contact between Plaintiff and Defendants, Plaintiff was not a student athlete as he, and/or someone on his behalf, had engaged in conduct prohibited by the NCAA that rendered him ineligible to maintain any student athlete status -- conduct that will be revealed through discovery. See Exhibit "A", copy of Defendants' Florida Complaint and attached Exhibits.

5. Indeed, public documents filed in another Federal Court proceeding support challenging Plaintiff, and his parents, under oath as to whether he was ever a student athlete and whether Plaintiff and/or anyone on his behalf, ever accepted consideration, compensation or

1

benefits in exchange for Plaintiff to attend Duke University, and/or accepted same while he attended Duke University, that rendered him not a student athlete.

6. The dispute to be decided between Plaintiff and the Defendants is not one-dimensional. The issues and disputes are whether Plaintiff was a student athlete at the time he signed the April 20, 2019 contract with the Defendants and, equally important, whether he was induced by CAA and its agents to intentionally breach the April 20, 2019 contract and to strategically now claim to have been duped into same contract in an intentional and desperate effort to avoid his obligations under same. See Exhibit "A". These issues render CAA, Austin Brown and Lisa Josephs Metellus to be necessary, material, relevant and interested parties to the within action and, as Plaintiff intentionally failed to join them herein, his First Amended Complaint should be dismissed pursuant to 12(b)(7) and FRCP 19(a), 19(a)(1)(A), 19(a)(1)(B)(ii), 19(b) and 19(c).

7. CAA Defendants have an interest in the within action as their contract with Plaintiff, and their ability to protect or enforce same, might be impeded by a judgment in the within action. Concerned about same, and to protect their interest in their contract with Plaintiff, CAA by and through its agent Lisa Josephs Metellus, after signing Plaintiff, texted Ms. Ford at 9:17pm on May 31, 2019 stating:

"Hi Gina. Hope all is well. Wanted to reach out and talk about Zion/CAA. Let me know if you have a few minutes to talk tonight or if tomorrow works." See Exhibit "A", *supra* at Exhibit "G".

8. Defendants did not make any false or materially false statements and/or misrepresentations to the Plaintiff and/or to the Plaintiff's parents to induce Plaintiff to sign the April 20, 2019 contract. Any purported claims of alleged concern by the Plaintiff and/or his parents as to his claimed student athlete eligibility is belied by all the facts herein, including the

2

Case 1:19-cv-00593-LCB-JLW Document 24 Filed 10/11/19 Page 6 of 17

fact that Plaintiff had already declared on April 15, 2019 as an early entrant to the 2019 NBA Draft with the undisputed prediction, as admitted by Plaintiff, that Plaintiff would be the Number 1 Draft pick and that he was "One and Done".

9. Prior to ever meeting Ms. Ford, Plaintiff and Plaintiff's parents knew of all conduct that may affect Plaintiff's claimed student athlete status and that was prohibited by the NCAA. Duke University, and the NCCA in a written memorandum, informed Plaintiff prior to his signing of the April 20, 2019 contract, of acts that would render him ineligible to be a student athlete including the prohibited conduct of accepting, whether by him or a third party on his behalf, consideration, compensation and/or benefits. See Exhibit "A", *supra* at Exhibit "A", copy of NCAA Memorandum. Despite knowing of the NCAA prohibited conduct, this Plaintiff now incredulously claims that Ms. Ford assured him that signing the April 20, 2019 contract would not affect his student athlete status.

10. Plaintiff attempts to feign ignorance by incredulously asserting in his Amended Complaint that he maintained a concern of returning to Duke University to play collegiate basketball when at the same time, he and his parents repeatedly and publically declared/stated that he was never returning to Duke University nor to play any collegiate basketball. See Exhibit "A", *supra*.

11. Not only does CAA have an interest in the outcome of this action, but, its very own conduct, and that of its agents Austin Brown and Lisa Josephs Metellus, are materially relevant to the outcome of the <u>entire</u> dispute between <u>all</u> of the parties herein -- not just the piece-mealed, self-serving and intentionally narrowly tailored dispute that Plaintiff wishes to assert. See Exhibit "A", *supra*.

12. Here, CAA, Austin Brown and Lisa Josephs Metellus are the catalysts to Plaintiff

3

breaching his contract with the Defendants herein. See Exhibit "A", *supra.*

13. Plaintiff and CAA conspired to manufacture this theory that somehow he and his parents were duped and that their faculties and intelligence were taken advantage of – in essence, to feign colossal ignorance despite a history of intentional, strategic and cunning decision making to the contrary. See id.

14. Plaintiff and CAA conspired for Plaintiff to breach his contract with the Defendants and, it is submitted herein, that in furtherance of their conspiracy, Plaintiff and CAA manufactured a purported lifeline to support the unlawful breach of the April 20, 2019 contract, to wit: that Plaintiff was a student athlete. See id.

15. In furtherance of their joint material interests in the within action and the Defendants' Florida action, both Plaintiff and all of the CAA Defendants are represented by the very same law firm.

16. Plaintiff claims in his First Amended Complaint that: "Not long after signing the Agreement, Mr. Williamson and his family became aware of Defendants' misrepresentations and failure to comply with North Carolina Law." See Plaintiff's FAC at ¶48-49. The foregoing admission, among other relevant facts, confirms that the CAA Defendants in the Florida action are necessary parties to the within action as it is alleged, and discovery will show, that it was Plaintiff's and his parents' meetings with the CAA Defendants that induced Plaintiff to breach his contract with the Defendants and to sign with the CAA Defendants.

17. Plaintiff claims he was deceived by Ms. Ford to enter into the contract but, yet, he performed under that very same contract, including traveling to California to shoot a nationally televised commercial, for financial compensation which he actually received.

18. Plaintiff claims he was deceived by Ms. Ford to enter into the contract but one

4

month and ten days later, he miraculously gained the requisite faculties and intellect to enter into the May 30, 2019 contract with the CAA Defendants.

19. To date, Plaintiff has not returned, offered to return, nor expressed a willingness to return any of the monies that he alleges was given to induce him to sign the contract, nor, any of the monies he actually received as compensation for his performance under the very same April 20, 2019 contract that he now wants this Court to deem void.

## I. THE DIVERSITY OF CITIZENSHIP JURISDICTION STATUTE WAS NOT INTENDED TO BE A WEAPON FOR FORUM SHOPPING.

20. Here, no party, named or should-be named, is a domiciliary of the State of North Carolina, North Carolina has no interest to protect in this action and there is no federal question at issue herein. Diversity of citizenship is Plaintiff's only means of desperately forum-shopping the within action in North Carolina where he knows he is a local star. Further, it is undisputed that Defendants' Florida action already includes and addresses all claims by and between all of the interested/involved parties herein.

21. Diversity of citizenship jurisdiction was never intended to unfairly and inequitably arm a Plaintiff, like this Plaintiff, to cherry pick a forum against a Defendant because he believes that he will obtain an unfair and prejudicial advantage over a Defendant in that State in an effort to avoid his legal obligations and/or to seek to have a court endorse his unlawful conduct.

## II. THIS COURT SHOULD DISMISS PLAINTIFF'S ACTION AS PLAINTIFF FAILED TO JOIN A NECESSARY PARTY TO THE WITHIN ACTION.

22. Plaintiff failed to the join materially necessary parties of CAA, Austin Brown and Lisa Josephs Metellus. As such, Plaintiff's within action should be dismissed pursuant to FRCP 12(b)(7) and FRCP 19(a), 19(a)(1)(A), 19(a)(1)(B)(ii), 19(b) and 19(c).

5

23. While this Plaintiff would seek to frame the issues as he desires, his self-serving desire is not dispositive of joining necessary parties to the within action. Here, two weeks after this well informed and strategic Plaintiff executed the contract with the Defendants, he claimed to learn of information that would have prevented him from entering into that contract -- information that it is believed discovery will show came from the CAA Defendants in an effort to induce him to breach the April 20, 2019 contract.

24. Pursuant to FRCP 19, a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if: (1) in his absence complete relief cannot be accorded among the already existing parties, or, (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) impair or impede his ability to protect that interest, or (ii) leave any of the already existing parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of his claimed interest. FRCP 19(a); Provident Tradesmens Bank & Trust Co. v. Patterson, 390 US 102 (1968).

25. The purpose of FRCP 19 is "to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." Moore v. Ashland Oil, Inc., 901 F2d 1445, 1447 (7th Cir. 1990); Davis Companies v. Emerald Casino, Inc., 268 F3d 477, 481 (7th Cir. 2001). The two part inquiry begins with determining whether a party is one that should be joined is feasible. FRCP 19(a); United States ex rel. Hall v. Tribal Dev. Corp., 100 F3d 476, 478 (7th Cir. 1996). If it is not feasible, a Court must decide whether the litigation can proceed at all in the party's absence. FRCP 19(b). If there is no way to structure a judgment in the party's absence that will protect both the party's own rights and the rights of the existing litigants, the unavailable party is regarded as "indispensable" and the action

6

Case 1:19-cv-00593-LCB-JLW Document 24 Filed 10/11/19 Page 10 of 17

is subject to dismissal under FRCP 12(b)(7). See Thomas v. United States, 189 F3d 662, 667 (7th Cir. 1999).

26. If joinder is not feasible, the court shall determine whether, in equity and good conscience, the action should proceed among the parties before it or whether it should be dismissed as the absent party is indispensable. FRCP 19(b). The court must consider the following factors: (1) to what extent a judgment rendered in the person's absence might be prejudicial to him or to those already existing parties; (2) the extent to which, by protective provisions in the judgment, by the shaping of the relief, or other measures, the prejudice can be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate, and, (4) whether the Plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. FRCP 19(b).

27. Judicial economy mandates that all of the claims by and between all of the interested and materially necessary/relevant parties be brought together in one action. While Plaintiff conveniently and intentionally failed to include CAA and its two agents as parties to the within action, they are interested and materially relevant and necessary parties to the entire dispute between all of the involved parties herein.

28. Based upon the interest of and own conduct of the CAA Defendants in the entire dispute between all of the parties involved herein, including the validity and enforceability of their contract with Plaintiff and the conduct of the CAA Defendants to unlawfully interfere with Defendants' contract with Plaintiff and to cause him to breach same to the financial windfall to the CAA Defendants, the CAA Defendants should have been joined by Plaintiff in this action. Here, it is the within Defendants' contention that Plaintiff was never a student athlete, that Plaintiff knowingly, voluntarily and intelligently entered into the April 20, 2019 contract, that

Plaintiff was induced by and conspired with the CAA defendants to unlawfully breach same April 20, 2019 contract and, that, acting in concert with each other, Plaintiff and the CAA Defendants now conspire, in an effort to avoid Plaintiff's obligations under the April 20, 2019 contract, for Plaintiff to feign ignorance and to claim that he was somehow tricked into signing same.

29. As Plaintiff failed to do so in this action, and as the within Defendants did so properly join them in their Florida action, this Court should dismiss Plaintiff's action herein. FRCP 12(b)(7) and FRCP 19(a), 19(a)(1)(A), 19(a)(1)(B)(ii), 19(b) and 19(c); see also, Exhibit "A", *supra*.

### III. AS DEFENDANTS PROPERLY ASSERT AND MOVE FOR DISMISSAL BASED UPON *FORUM NON CONVENIENS*, THIS HONORABLE COURT SHOULD DISMISS THE WITHIN ACTION.

30. North Carolina is a *forum non conveniens* for all parties including Plaintiff who lives in Louisiana. Plaintiff's assertion that North Carolina has an interest in the within matter is false as Plaintiff knows that there are no interests by or in the State of North Carolina to protect, that it is his own self-serving interest in his own greed that he seeks to protect, and, that North Carolina is prejudicial to the Defendants as he knows that both he and Duke University are stars to the citizens of North Carolina. By forum shopping his claims to this Court, Plaintiff improperly seeks to obtain an advantage over the Defendants herein.

31. Plaintiff has not offered anything to dispute that Florida is a more convenient forum to adjudicate the entire dispute between all of the involved and interested parties herein.

32. Further, a person visiting a State is wholly different from a person being dragged into court in that State to litigate a multi-million dollar, protracted and costly litigation where none of the interested parties is domiciled in the State that Plaintiff cherry picked. How many

times a person visits a State prior to the litigation commenced in that State is <u>not</u> a factor that this Court can or should consider in determining the issue of *forum non conveniens*.

33. As Defendants detailed in their moving papers as the factors that this Court can consider in determining *forum non conveniens*, the discretionary factors that this Court can consider are:

(1) Plaintiff's choice of North Carolina is improper as he is not a citizen/domiciliary of North Carolina, there is no federal question jurisdiction to be had and the contract in dispute calls for the laws of Florida to govern;

(2) there is no relative "ease of access" to sources of proof in North Carolina where three of the materially necessary parties reside/are domiciled in Florida, as the contract calls for the laws of Florida to govern and as Plaintiff lives in Louisiana which is closer to Florida;

(3) the availability of compulsory process if attendance of unwilling witnesses/cost of obtaining attendance of willing and unwilling witnesses favors Florida based on the necessary parties' respective locations as set forth in factor (2) above;

(4) the possibility of a view of the premises is not applicable to the within action;

(5) enforceability of a judgment favors Florida as the Defendants' Florida action names all necessary parties and raises all issues/laws/matters in dispute and a judgment is enforceable nationwide;

(6) relative advantage and obstacles to a fair trial favor Florida as the Defendants' Florida action includes all matters in dispute between all of the necessary parties herein and North Carolina poses obstacles for Defendants to a fair trial as Plaintiff was the star of Duke University's Blue Devils and has achieved local stardom/become an athletic hero in North Carolina;

9

(7) a Florida trial is easy, expeditious and inexpensive;

(8) administrative difficulties in court congestion does not favor or disfavor either North Carolina or Florida;

(9) the within entire dispute is not a local North Carolina controversy and, as such, local controversies being settled at home does not apply to North Carolina and favors dismissal;

(10) the appropriateness of having a trial of a diversity case in a forum that is home with the state law that must govern the action disfavors North Carolina and favors dismissal as there is no federal question jurisdiction herein, most of the materially necessary parties are domiciled in Florida and/or are located closer to Florida and, most importantly, the contract calls for the laws of Florida to govern the within matter, and,

(11) the avoidance of unnecessary problems with conflict of law favors Florida and favors dismissal as the contract calls for the laws of Florida to govern same. See Rebel Debutante LLC v. Forsythe Cosmetic Group, LTD, 799 F Supp2d 558, 564 (M.D. NC 2011) *citing* Speed Trac. Techs., Inc. v. Estes Express Lines, Inc., 567 F Supp2d 799, 802 (M.D. NC 2008).

34. Plaintiff's choice of forum must not be given considerable weight and should be disturbed. See Collins v. Straight, Inc., 748 F2d 916, 921 (4th Cir. 1984); Brown v. Flowers, 297 F Supp2d 846, 850 (M.D. NC 2003); Gulf Oil Corp. v. Gilbert, 330 US 501, 508 (1946); Norwood v. Kirkpatrick, 349 US 29, 32 (1955).

## **CONCLUSION**

**WHEREFORE,** based upon all of the foregoing, Defendants respectfully request that this Honorable Court grant Defendants' motion to dismiss Plaintiff's Amended Complaint in its

10

Case 1:19-cv-00593-LCB-JLW Document 24 Filed 10/11/19 Page 14 of 17

entirety with prejudice, and, for such other and further relief as this Court deems just and proper.

Dated: October 11, 2019  Respectfully submitted,

By: /s/ Willie E. Gary
WILLIE E. GARY (Florida Bar No.: 187843)
GARY, WILLIAMS, PARENTI, WATSON &
GARY, PLLC
Attorneys for Defendants PRIME SPORTS
MARKETING, LLC and GINA FORD
21 E. Osceola Street
Stuart, Florida 34994-2213
(772) 283-8260; (772) 220-3343(fax)
WEG@williegary.com

By: /s/ Stephen L. Drummond
STEPHEN L. DRUMMOND (SLD 7359)
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants PRIME SPORTS
MARKETING, LLC and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 1143
(718) 298-5050; (718) 298-5554(fax)
sdrummond@dswinlaw.com

By: /s/ JoAnn Squillace
JOANN SQUILLACE (JS 4217)
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants PRIME SPORTS
MARKETING, LLC and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 1143
(718) 298-5050; (718) 298-5554(fax)
jsquillace@dswinlaw.com

By: /s/ Alvin L. Pittman
ALVIN L. PITTMAN (NC Bar No.: 8460)
LAW OFFICE OF ALVIN L. PITTMAN
Attorneys for Defendants PRIME SPORTS
MARKETING, LLC and GINA FORD
Airport Center Building
5901 W. Century Blvd., Suite 412
Los Angeles, California 90045
(310) 337-3077; (310) 337-3080(fax)
office@apittman-law.com

11

Docket No: 1:19-cv-00593 (LCB)(JLW)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
------------------------------------------------------------X
ZION WILLIAMSON,
        Plaintiff,

 -against-

PRIME SPORTS MARKETING, LLC AND
GINA FORD,
        Defendants.
------------------------------------------------------------X

## CERTIFICATE OF WORD COUNT

1. The within Reply Memorandum of Law was prepared on a computer and has a total word count, as per the computer, of 3,118 words not including, pursuant to Local Rule 7.3, any words contained in the Reply Memorandum of Law covers/blueback, Table of Contents, Table of Authorities and/or any Signature blocks.

Dated: October 11, 2019

            /s/ Willie E. Gary
            WILLIE E. GARY, ESQ. (Florida Bar No.: 187843)

Docket No: 1:19-cv-00593 (LCB)(JLW)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
----------------------------------------------------------X
ZION WILLIAMSON,
                          Plaintiff,

    -against-

PRIME SPORTS MARKETING, LLC AND
GINA FORD,
                          Defendants.
----------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC
21 E. Osceola Street
Stuart, Florida 34994-2213
(772) 283-8260; (772) 220-3343(fax)

DRUMMOND & SQUILLACE, PLLC
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050; (718) 298-554(fax)

LAW OFFICE OF ALVIN L. PITTMAN
Airport Center Building
5901 W. Century Blvd., Suite 412
Los Angeles, California 90045
(310) 337-3077; (310) 337-3080(fax)

*ATTORNEYS FOR DEFENDANTS PRIME SPORTS MARKETING, LLC AND GINA FORD*