UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No.: 1:19-cv-00593-LCB-JLW

| | |
|---|---|
| ZION WILLIAMSON,<br><br>    Plaintiff,<br><br>v.<br><br>PRIME SPORTS MARKETING, LLC, and GINA FORD,<br><br>    Defendants. | DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SCHEDULING CONFERENCE |

Defendants PRIME SPORTS MARKETING, LLC and GINA FORD, by and through their undersigned counsel, submit the within Memorandum in Opposition to, and in response to, Plaintiff's Motion for Scheduling Conference in the above captioned matter.

### FACTUAL AND PROCEDURAL BACKGROUND

1. After ongoing dialogue between Plaintiff's counsel and Defendants' counsel about the disputes between the parties, Plaintiff Zion Williamson (the "Plaintiff"), anticipating that Defendants intended to file suit against him in the proper jurisdiction in the State of Florida, and in an attempt to forum shop, filed a Complaint herein on June 13, 2019 against Prime Sports Marketing, LLC and Gina Ford, (the "Defendants"), entitled *Zion Williamson v. Prime Sports Marketing, LLC and Gina Ford (Civil Action No.: 1:19-cv-00593 – LCB-JLW* (the "Action").

2. That by Joint Stipulation, the time for Defendants to Answer, Move or otherwise respond to Plaintiff's Complaint was extended to on or about the end of September 2019.

1

3. That before Defendants' time to Answer Plaintiff's Complaint was due, Plaintiff filed his First Amended Complaint on or about August 23, 2019.

4. That after Plaintiff filed an Amended Complaint on or about August 23, 2019, Defendants sought an extension of time beyond the aforementioned Stipulation date to Answer, Move or otherwise respond given that Plaintiff had now amended his original Complaint.

5. That Plaintiff refused to consent to any extension of time for Defendants to Answer, Move or otherwise respond even though he had just now filed an Amended Complaint herein.

6. That on or about September 12, 2019, Defendants filed a Motion to Dismiss Plaintiff's action for lack of jurisdiction, lack of diversity jurisdiction, failure to join a necessary party and *forum non conveniens*, pursuant to FRCP 12(b), 12(b)(1), 12(b)(6), 12(b)(7) and FRCP 19.

7. That Plaintiff opposed Defendants' Motion to Dismiss and, on or about October 11, 2019, Defendants filed a Reply Memorandum in response and reply to Plaintiff's opposition.

8. That Defendants' foregoing Motion to Dismiss is pending before this Honorable Court.

9. That on or about June 19, 2019, Defendants (Plaintiffs in the Florida action) commenced action and filed a Complaint against Plaintiff (as Defendant in the Florida action) and against other material and necessary parties in the Circuit Court in the Eleventh Judicial District in and for the County of Miami, Dade, Florida entitled: *Prime Sports Marketing, LLC and GINA FORD v. ZION WILLIAMSON, CREATIVE ARTISTS AGENCY, LLC (CAA), AUSTIN BROWN, Individually and in his official capacity as agent/employee/licensee of CREATIVE ARTISTS AGENCY, LLC, (CAA) and LISA JOSEPHS METELUS, Individually and in her official*

*capacity as agent/employee/licensee of CREATIVE ARTISTS AGENCY, LLC (CAA),* Case No.: 2019-018705-CA-01, asserting, amongst other claims: Breach of Contract, Unlawful Tortious Interference with Contract, Civil Conspiracy, Violation of the Florida Trade Secrets Act, Misappropriation, Punitive Damages and other related causes of action.

10. In response to the foregoing Florida action, that contains all of the allegations and issues between all of the material and necessary parties herein, unlike the within action, Plaintiff (Defendant in the Florida action) filed a Motion to Dismiss Defendants' (Plaintiffs in the Florida action) case which was denied in its entirety, after oral arguments, by the Honorable Judge David Miller on or about December 16, 2019 from which Plaintiff, as Defendant in the Florida action, took an Appeal.

11. That it is undisputed that there is <u>no</u> stay of/in the foregoing related Florida action while Plaintiff's, as Defendant in the Florida action, Appeal is pending and, as such, it was PRIME SPORTS MARKETING, LLC and GINA FORD, as Plaintiffs in the Florida action, that initiated discovery and discovery communications with opposing counsel to move the Florida action forward.

12. Indeed, it has been your affirmants, not opposing counsel, who have actively sought to initiate the discovery process in the Florida action and, to that end, we have contacted opposing counsel on several occasions, including by email on February 7, 2020, by email on February 15, 2020, a telephone conference on February 24, 2020, and continuing, advising of the parties and non-parties your affirmants intend to depose. We also extended the courtesy of requesting dates that opposing counsel and his clients are available for depositions so as to work out convenient dates amongst the parties and their respective counsels. In addition, we asked opposing counsel if he would accept deposition Notices/Subpoenas for the deposition of his

3

client's parents, to wit: Sharonda Sampson and Lee Anderson, and/or if he is representing them as witnesses for deposition purposes – all in an effort to proceed with discovery in the action in which it can, to wit: the Florida action.

13. Apart from finally advising that he is representing Plaintiff's (as Defendant in the Florida action) parents, despite several emails and telephone communication, it was not until last evening on March 3, 2020 at 5:10pm, *__after__* opposing counsel filed his within motion, that he suggested dates for the depositions of some non-parties but, again, did not provide same as to Plaintiff Zion Williamson as a Defendant in the Florida action.

14. In fact, it is opposing counsel that is delaying discovery from going forward as somehow, without seeking a stay to be entered in the Florida action which was a remedy available to his client, he claims that a deposition of his client as Defendant in the Florida action is somehow improper when, he knows, it is not.

15. Instead, what opposing counsel is truly seeking to do is to not move forward in the Florida action until and unless the within action, which he filed first, catches up in posture with the Florida action. To that end, while opposing counsel knows that the issue of jurisdiction has not yet been decided by this Honorable Court, he sought to illicit your affirmant's assistance and/or consent to attempt to rush this Honorable Court to render a decision on the motion pending before It – a request that your affirmants explicitly and strenuously told opposing counsel that we will not do as we do not seek to rush this Court in rendering Its decision.

16. We also advised, as opposing counsel should have been well aware, that we cannot agree to any discovery schedule in the within action as the initial issue of jurisdiction is still pending before this Honorable Court. This however, as we advised, does not preclude discovery from going forward in the Florida action and, as we also advised, any discovery

conducted in the Florida action would apply to the within action if this action were to proceed. To that end, we advised opposing counsel that we would agree that no party would attempt to take another bite at the apple in re-deposing a party or non-party who had already been completely deposed in the Florida action and that same agreement would apply to other discovery already completed in the Florida action should the within action go forward.

17. Indeed, as we advised opposing counsel, there is no need to involve this Honorable Court in any discovery issue as this Court has yet to decide jurisdiction herein, as discovery is not ripe in the within action, and, as we already agreed to work out an agreement about the application of the Florida discovery to this action in the event that this action proceeds.

18. Opposing counsel's motion herein is, indeed, a mere pretext for an attempt to improperly rush this Honorable Court to render a decision on the pending motion to dismiss that is before It. Indeed, when your affirmants would not agree to join in on this improper rushing of this Court, opposing counsel filed his within motion under the guise of a discovery issue when there is none and falsely claimed that somehow your affirmants and our clients are seeking to delay this action when he knows that we are the parties pushing to move forward with discovery in the action where it, in fact, can and should proceed, to wit: in the Florida action.

19. In addition, your affirmants did not "warn" opposing counsel of anything and did not state or imply that your affirmants or our clients are seeking, in any way, shape or form, to delay this action and, for opposing counsel to claim same is, indeed, false. We advised opposing counsel that, even if this action were to proceed with jurisdiction being found proper, although it remains our clients' position that jurisdiction is not proper herein, that does not mean that the case goes directly into discovery as our clients, as the Defendants herein, still have to Answer, Move or otherwise respond to Plaintiff's Amended Complaint. We advised that our clients, as

5

Defendants herein, have the right and entitlement to Move this Court for other relief, especially and particularly in light of the Amended Complaint that Plaintiff filed herein—including, but not limited to, a motion to dismiss the Amended Complaint's added third cause of action alleging fraudulent inducement and rescission.

20. Indeed, in his Amended Complaint, Plaintiff now alleges that he was improperly and fraudulently induced to sign and enter into the subject contract/Agreement with Prime Sports Marketing, LLC and Gina Ford by alleged actions/statements/representations outside of the four-corners of the subject contract/Agreement. Significantly, based on the documentary evidence already before this Honorable Court, a motion to dismiss that cause of action would be proper as Plaintiff executed the contract/Agreement representing that no other factors outside of the four corners of the contract induced him to sign. To that end, Plaintiff warranted, in signing the contract, that: "…**No other representation, inducement or promise has been made or relied upon by either party**…". Based upon the foregoing, Defendants herein have a good-faith basis to seek remedy from this Honorable Court to dismiss that cause of action, as a response to the Amended Complaint, should the within action proceed.

21. Indeed, the availability of a Motion to Dismiss in response to the Amended Complaint, including one based on the foregoing documentary evidence, is not a threat or a delay tactic at all—it is a good-faith based procedural remedy and pleading afforded to all Defendants in an American Court of law, both Federal and State, including the Defendants herein.

22. It is respectfully submitted that there is absolutely no prejudice to Plaintiff herein as all discovery that each party must submit to and provide in the Florida action is discovery that must be conducted in the within matter should same go forward.

**WHEREFORE**, it is respectfully requested that Plaintiff's motion for scheduling conference be denied in its entirety, and, for such other and further relief as this Court deems just and proper.

Dated: March 4, 2020

/s/ Willie E. Gary
WILLIE E. GARY, ESQ.
GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260
weg@williegary.com
*Local Rule 83.1(d) Special Appearance

/s/ Alvin L. Pittman
ALVIN L. PITTMAN, ESQ. (N.C. Bar No. 8460)
office@apittman-law.com
Law Offices of Alvin L. Pittman
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
Airport Center Building
5901 W Century Boulevard, Suite 412
Los Angeles, California 90045
(310) 337-3077
(310) 337-3080(fax)

/s/ Stephen L. Drummond
Stephen L. Drummond*
sdrummond@dswinlaw.com
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
~~Jamaica, New York 11432~~
Tel: (718) 298-5050
Fax: (718) 298-5554
*Local Rule 83.1(d) Special Appearance

/s/ JoAnn Squillace
JoAnn Squillace*
jsquillace@dswinlaw.com
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050
Fax: (718) 298-5554
*Local Rule 83.1(d) Special Appearance

8

## CERTIFICATE OF SERVICE

We hereby certify that the foregoing **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR SCHEDULING CONFERENCE** was filed with the Clerk of the Court using the CM/ECF system and, as such, was served on all parties via ECF.

Dated: March 4, 2020

/s/ Willie E. Gary
WILLIE E. GARY, ESQ.
GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260
weg@williegary.com
*Local Rule 83.1(d) Special Appearance*

/s/ Alvin L. Pittman
ALVIN L. PITTMAN, ESQ. (N.C. Bar No. 8460)
office@apittman-law.com
Law Offices of Alvin L. Pittman
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
Airport Center Building
5901 W Century Boulevard, Suite 412
Los Angeles, California 90045
(310) 337-3077
(310) 337-3080(fax)

/s/ Stephen L. Drummond
Stephen L. Drummond*
sdrummond@dswinlaw.com
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050
Fax: (718) 298-5554
*Local Rule 83.1(d) Special Appearance


/s/ JoAnn Squillace
JoAnn Squillace*
jsquillace@dswinlaw.com
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050
Fax: (718) 298-5554
*Local Rule 83.1(d) Special Appearance