**CASE NO. 1:19-CV-593-LCB-JLW**

| | |
|---|---|
| ZION WILLIAMSON,<br><br>                     Plaintiff,<br><br>          v.<br><br>PRIME SPORTS MARKETING, LLC, and<br>GINA FORD,<br><br>                     Defendants. | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SCHEDULING CONFERENCE** |

Plaintiff Zion Williamson, by and through undersigned counsel, submits this Reply in support of the Motion for a Scheduling Conference with the Court.

1.      Defendants oppose Plaintiff's Motion for a Scheduling Conference as part of their ongoing efforts to avoid this Court, the issues raised in Plaintiff's complaint, and the plain language of the North Carolina Uniform Athlete Agents Act, N.C. Gen. Stat. § 78C-85 *et seq.*   Plaintiff filed his Motion so that the parties can coordinate discovery in this first-filed action with Defendants' subsequent action in Florida.

2.      In their opposition, Defendants' counsel mischaracterize their counterproposal to Plaintiff's counsel regarding the form of any joint discovery process. Defendants' counsel offered that they may, at some point in the future, be willing to stipulate that discovery conducted in the Florida Action could be used in this action.

However, they refused to agree to any discovery schedule that would avoid duplicative discovery of Mr. Williamson (and other witnesses) once this action moves forward.

3.      The Court's action is required to avoid duplicative discovery, to protect against potential prejudice, and so that discovery in this case may proceed in accordance with the Federal and Local Rules.  Fed. R. Civ. P. 26(d)(1) provides that Plaintiff may seek discovery only after conferring with Defendants' counsel.   Local Rule 16.1(b) contemplates that such conference will occur once the Clerk schedules a pretrial conference and should take place within the earlier of 90 days after service of the complaint or 60 days after any Defendant has appeared.  *See also* Fed. R. Civ. P. 16(b)(2).  Similarly, pursuant to Local Rule 26.1(a), discovery shall be conducted in accordance with the initial pretrial order entered by the Court.  Plaintiff seeks a conference with the Court, as contemplated by the Federal and Local Rules, so that the parties can move forward with discovery in the matter in coordination with the Florida Action.

4.      Defendants set forth a number of additional, irrelevant arguments in their opposition, all in an effort to distract from the merits of Plaintiff's motion.  These arguments have no bearing on the present motion, but two points warrant clarification.

5.      First, the fact that Plaintiff has not yet sought a stay of discovery in the Florida Action is due to the fact that Plaintiff hopes to arrive at a mutually agreeable discovery schedule and to proceed in an efficient manner with discovery in both cases.  To be clear, Plaintiff has not waived his right to move for a stay of discovery in the Florida Action, and he reserves his right to do so.

6.  Second, Defendants' counsel claim that their motion to dismiss based on "the initial issue of jurisdiction" is a critical legal issue that must be resolved before discovery in this action can proceed.  In fact, Defendants' motion to dismiss is principally based on the mistaken belief that diversity jurisdiction requires one party to be a resident of the forum state, which is not true.  *See* Pl. Opp. to Def.'s Motion to Dismiss, at 5-8 [Dkt. 23].  Moreover, because the Defendants are pressing for discovery in the Florida Action, this is not a case where deferring discovery until resolution of Defendants' motion to dismiss will relieve the potential burdens of discovery if the Court ultimately determines that it lacks subject matter jurisdiction.  The exact opposite is true here.  By coordinating discovery between this action and the Florida Action, the Court can ensure that the parties' discovery efforts will not be wasted (if Mr. Williamson prevails on his appeal that he is not subject to personal jurisdiction in the Florida state courts) or duplicative (upon this Court's resolution of Defendants' pending motion to dismiss).

7.  Plaintiff, therefore, requests that the Court enter an Order scheduling a conference on or after March 9, 2020 to schedule discovery in this case and awarding Plaintiff such other and further relief as may be just and proper.

*[Signatures Follow]*

This 5th day of March 2020.

/s/ John R. Wester

John R. Wester
N.C. Bar No. 4660
jwester@robinsonbradshaw.com
Robert E. Harrington
N.C. Bar No. 26967
rharrington@robinsonbradshaw.com
Fitz E. Barringer
N.C. Bar No. 42679
fbarringer@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, North Carolina 28246
Telephone:    704.377.2536
Facsimile:    704.378.4000

Jeffrey S. Klein*
Jeffrey.Klein@weil.com

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  212.310.8790
Facsimile:  212.310.8007

*Local Rule 83.1(d) Special Appearance

*Attorneys for Plaintiff*

- 4 -

## <u>Local Rule 7.3(d)(1) Word Count Certification</u>

I hereby certify that this brief contains 645 words as reported by the Microsoft Word

count feature and is in compliance with Local Rule 7.3(d)(1).

<u>/s/ John R. Wester</u>
John R. Wester