ZION WILLIAMSON,

    Plaintiff,

v.

PRIME SPORTS MARKETING, LLC
and
GINA FORD,

    Defendants.
_____

## DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendants, Prime Sports Marketing, LLC, and Gina Ford, by and through counsel, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, hereby file their motion for leave to amend their Answer, Affirmative Defenses and Counterclaim and, as grounds therefor, state as follows:

On January 20, 2021, this Court entered Judgment on the Pleadings based in part on its finding that Defendants' affirmative defenses, while alleging a number of activities that would have violated NCAA rules, failed to allege "that Plaintiff had, in fact engaged in any of those activities." [DE49 at 15] Subsequent to the filing of Defendants' Answer, Affirmative defenses and Counterclaims,

1

Defendants developed sufficient evidence to cure that pleading deficiency. Defendants now seek leave to amend to specifically allege that Williamson engaged in conduct that violated NCAA rules, rendering him ineligible and therefore not subject to the protections provided under the UAAA.

Specifically, Defendants seek to allege the following violations of NCAA rules, among others:

- Williamson's Mother was retained as a "consultant" by Nike and received improper payments from Nike in an effort to induce Williamson to attend Duke University and to later endorse Nike's products.
- In December of 2017, Williamson's step-father received an improper benefit in the form of a 2015 Cadillac Escalade.
- In February of 2018, Williamson's mother received an improper benefit in the form of a 2015 Cadillac Escalade.
- Williamson's mother and step-father received an improper benefit in the form of funds sufficient to pay a full year of rent in advance on a $5000 per month rental home in Durham, North Carolina.
- In October of 2018, Williamson received an improper benefit in the form of a $500,000 payment for entering into a marketing agreement with Maximum Management Group, Inc.

It is undisputed that any one of these "activities" would violate NCAA rules and would have cost Williamson his eligibility to play basketball at Duke. Defendants should not be deprived of their opportunity to prove these allegations in support of their affirmative defense that Williamson was not entitled to the protections of the UAAA.

A copy of the proposed amended answer, affirmative defenses and counterclaims is attached as Exhibit 1.

# MEMORANDUM OF LAW

### 1. AMENDMENT SHOULD BE LIBERALLY GRANTED

The Fourth Circuit recognizes the liberal rule regarding amendment, which "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) The Fourth Circuit has further held "[t]he federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that [the] plaintiff be given every opportunity to cure a formal defect in his pleading." *Ostrzenski v. Seigel,* 177 F.3d 245, 252–53 (4th Cir.1999)

The trial court's discretion in the face of a motion to amend is quite limited, "for rule 15(a) severely restricts the judge's freedom, directing that leave to amend 'shall be freely given when justice so requires.'" *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 (5th Cir. 1981) Indeed, a number of courts have suggested that dismissal or judgment on the pleadings should not be granted without also granting leave to amend.

The Tenth Circuit, in *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1131 (10th Cir.1994), has held "Ideally, if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." In *Lassiter v.*

*Topeka Unified Sch. Dist. No. 501,* 347 F. Supp. 2d 1033, 1049 (D. Kan. 2004), the district court applied *Brever* in the context of a motion for judgment on the pleadings. The court held that even when judgment on the pleadings is merited, "plaintiff ought to be afforded an opportunity to test her claim on the merits if the underlying facts and circumstances may be a proper subject of relief, . . . [therefore] plaintiff should be given an opportunity to amend her complaint." *Lassiter* at 1049.

The Ninth Circuit has "adopted a generous standard for granting leave to amend from a dismissal for failure to state a claim, such that 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lacey v. Maricopa County*, 693 F.3d 896, 926 (9th Cir. 2012). *See also Metro. Transp. Com'n. v. Motorola, Inc.,* 2007 WL 323244, at *11 (N.D. Cal. Jan. 31, 2007), *aff'd in part, rev'd in part and remanded sub nom. Metro. Transp. Com'n v. Motorola, Inc.,* 342 Fed. Appx. 269 (9th Cir. 2009) ("After granting a motion to dismiss or a motion for judgment on the pleadings, a district court should afford the non-prevailing party the opportunity to amend its pleading, unless leave to amend would be futile."); and *Estate of Mendez v. City of Ceres,* 390 F. Supp. 3d 1189, 1198 (E.D. Cal. 2019) ("Like a motion brought under Rule 12(b)(6), leave to amend a pleading 'should be granted even if no request is made *unless*

amendment would be futile.'")

Here in the Middle District, courts have noted that the party facing dismissal should be entitled to at least one amendment unless it is certain that they will be unable to state a cause of action. *See Vecchione v. Prof'l Recovery Consultants, Inc.,* 2014 WL 12588495, at *5 (M.D.N.C. May 19, 2014), *citing Ostrzenski v. Seigel,* 177 F.3d 245, 253 (4th Cir. 1999) ("Indeed, unless it is certain that a plaintiff cannot state a claim upon amendment, then 'the better practice is to allow at least one amendment.'")

### 2. THE FACTORS RELEVANT TO THE COURT'S EVALUATION

The Fourth Circuit has held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Westport Ins. Corp. v Albert*, 208 Fed. Appx. 222, 226 (4th Cir. 2006), *citing to Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir.1986). The proposed amendments to Defendants' answer, affirmative defenses, and counterclaims are not prejudicial, are not being requested in bad faith, and will not be futile.

In determining whether or not an amendment is prejudicial, a court examines the nature of the amendment and its timing. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). *Laber* explains that a prejudicial amendment is one that "raises a

new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." *Id.* By contrast, an amendment is not prejudicial "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Id.*

Defendants' proposed amendments do not even add an additional theory of recovery. Instead, they only add factual allegations in support of a defense that has already been pleaded, and the amendment is being offered before entry of a scheduling order and before any discovery has occurred.

We anticipate the Plaintiff will argue that the Court should approach this motion differently because it is being made after the Court has already entered partial judgment on the pleadings. *Laber* holds otherwise:

> Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend. *See Davis,* 615 F.2d at 613. For this reason, a district court may not deny such a motion simply because it has entered judgment against the plaintiff—be it a judgment of dismissal, a summary judgment, or a judgment after a trial on the merits. *See, e.g., Foman,* 371 U.S. at 182, 83 S.Ct. 227 (reversing district court's denial of motion to amend made after the district court entered judgment of dismissal); 6 Charles Allen Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1488 (2d ed.1990) (collecting cases); *cf. Ostrzenski,* 177 F.3d at 252–53 (4th Cir.1999) (noting that district court should not dismiss a complaint with prejudice under Fed.R.Civ.P. 12(b)(6) without first giving the plaintiff leave to amend). **Instead, a post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility.** *See Foman,* 371 U.S. at 182, 83 S.Ct. 227.

*Laber* at 427 (emphasis supplied). *Laber* makes it clear that this court should apply the same standard to this motion as it would have applied to a motion filed prior to its entry of partial judgment on the pleadings. *See also Adams v. Gould Inc.*, 739 F.2d 858, 864 (3d Cir. 1984) (Court reviewed denial of motions for reconsideration and leave to amend under "the standard of review which would be applicable had the motion been brought without the complication of a prior grant of summary judgment."

The Fifth Circuit, in *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594 (5th Cir. 1981), explained how mere delay in requesting leave to amend should not result in a denial of such relief. In *Dussouy,* the plaintiff requested leave to amend "*after* dismissal of the action at the pretrial conference and one week before the trial date." Nevertheless, the court held that leave should have been granted and explained as follows:

> [M]ere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment. Amendment can be appropriate as late as trial or even after trial; see 6 C. Wright & A. Miller, Federal Practice and Procedure s 1488 (1971); see also Fed.R.Civ.Pro. 15(b). Instances abound in which appellate courts on review have required that leave to amend be granted after dismissal or entry of judgment. For instance, in Foman v. Davis, the plaintiff alleged breach of an oral contract. When the district court dismissed on the basis of the defendant's argument that the Statute of Frauds rendered the contract unenforceable, the plaintiff moved to vacate the dismissal and to amend to sue in quantum meruit. The Supreme Court required that the amendment be permitted even though it changed the theory of the case. 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); accord, *Bamm v. GAF*, 5 Cir. 1981, 651 F.2d

> 389; *Lone Star Motor Import v. Citroen Cars*, 5 Cir. 1961, 288 F.2d 69; *Sherman v. Hallbauer*, 5 Cir. 1972, 455 F.2d 1236.

*Dussouy* at 598. Here, Defendants' motion for leave to amend is being made within the 28 day timeframe permitted by the rules to file a Rule 59(e) motion to alter or amend the judgment. This can hardly constitute undue delay.

*Laber* also discusses the interrelationship of the rule 59(e) motion and the Rule 15(a) motion. In order to grant the latter motion, the court must also grant the former, amending the order to allow for the amendment of the pleadings. But, as *Laber* explains, the focus should be on the motion for leave to amend, not on the Rule 59(e) motion:

> A conclusion that the district court abused its discretion in denying a motion to amend, however, is sufficient grounds on which to reverse the district court's denial of a Rule 59(e) motion. *See Foman,* 371 U.S. at 182, 83 S.Ct. 227 (reversing denial of motion for reconsideration of judgment of dismissal where district court abused its discretion in denying motion to amend); *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597 n. 1 (5th Cir.1981) ("Where judgment has been entered on the pleadings, a holding that the trial court should have permitted amendment necessarily implies that [the] judgment ... was inappropriate and that therefore the motion to vacate should have been granted."); *Adams,* 739 F.2d at 864 (adopting standard set forth in *Dussouy* ).

*Laber* at 428. Thus, when a party is entitled leave to amend, it follows that they are necessarily entitled to relief from the judgment as well.

Having demonstrated that amendment will not be prejudicial, we turn to the remaining two factors the Court must consider – bad faith and futility. There is

simply no argument that Defendants are making this request in bad faith. And we have addressed the futility argument at length in our motion for rehearing. Because Williamson's ineligibility in fact is a defense to Plaintiff's reliance on the UAAA, the amendment would not be futile.

WHEREFORE, for the reasons set forth above, Defendants respectfully request this Court enter an Order Granting their Motion for Leave to Amend their Answer, Affirmative Defenses and Counterclaims.

DATED this 17th day of February 2021.

Respectfully submitted,

/s/ Willie E. Gary
WILLIE E. GARY, ESQ.
GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260
weg@williegary.com
*Local Rule 83.1(d) Special Appearance


/s/ Alvin L. Pittman
ALVIN L. PITTMAN, ESQ.
(N.C. Bar No. 8460)
office@apittman-law.com
Law Offices of Alvin L. Pittman

Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
Airport Center Building
5901 W Century Boulevard, Suite 412
Los Angeles, California 90045
(310) 337-3077
(310) 337-3080(fax)


/s/ Stephen L. Drummond_____
Stephen L. Drummond*
sdrummond@dswinlaw.com
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050
Fax: (718) 298-5554
*Local Rule 83.1(d) Special Appearance*


/s/ JoAnn Squillace_____
JoAnn Squillace*
jsquillace@dswinlaw.com
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050
Fax: (718) 298-5554
*Local Rule 83.1(d) Special Appearance*