# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

### CASE NO. 1:19-CV-593-LCB-JLW

ZION WILLIAMSON,

                Plaintiff,

v.

PRIME SPORTS MARKETING, LLC, and
GINA FORD,

                Defendants.

## PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANTS' MOTION FOR LEAVE TO AMEND ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Plaintiff Zion Williamson submits this Memorandum opposing Defendants'

Motion for Leave To Amend Answer, Affirmative Defenses and Counterclaims (the

"Motion To Amend the Pleadings").

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................... 1

LEGAL STANDARD ................................................................................................... 2

ARGUMENT................................................................................................................. 4

    I.      Defendants' Amended Pleadings Are Futile Because They Fail To Address the Pleading Deficiencies the Court Identified. ............................. 4

    II.     Defendants' Motion To Amend Is Dilatory and Lacks a Good Faith Foundation. ............................................................................................... 6

          A.      Defendants' Delay in Moving To Amend Is Unjustified. ................... 6

          B.      Defendants Bring the Proposed Amended Pleadings in Bad Faith. .................................................................................................... 9

CONCLUSION ........................................................................................................... 13

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*De La Fuente v. S.C. Democratic Party*,
  2017 WL 10768354 (D.S.C. Oct. 12, 2017) .............................................................. 3, 6

*Delgado v. Orchard Supply Hardware Corp.*,
  2011 WL 4627073 (E.D. Cal. Oct. 3, 2011) ................................................................ 10

*Duncan v. Clark*,
  2015 WL 2218240 (E.D. Va. May 11, 2015) ................................................................. 4

*Figgie Int'l, Inc. v. Miller*,
  966 F.2d 1178 (7th Cir. 1992) ................................................................................. 9, 12

*Glob. Growth, LLC v. Causey*,
  2021 WL 111494 (M.D.N.C. Jan. 12, 2021) ................................................................. 6

*Hoffmann v. United States*,
  266 F. Supp. 2d 27 (D.D.C. 2003) ............................................................................... 3

*Johnson v. United Parcel Serv., Inc.*,
  2021 WL 31914 (4th Cir. Jan. 5, 2021) ....................................................................... 2

*Logar v. W. Va. Univ. Bd. of Governors*,
  2012 WL 243692 (N.D. W. Va. Jan. 25, 2012) ...................................................... 3, 6, 9

*N.C. Mut. Life Ins. Co. v. Stamford Brook Cap., LLC*,
  2019 WL 4739539 (M.D.N.C. Sept. 27, 2019) (Biggs, J.) ........................................... 3

*Palmetto Assisted Living Sys., Inc. v. KeyBank Nat'l Ass'n*,
  2019 WL 5872138 (D.S.C. Apr. 8, 2019) ..................................................................... 5

*R.J. Reynolds Tobacco Co. v. So. Ry. Co.*,
  110 F.R.D. 95 (M.D.N.C. 1986) .................................................................................. 9

*Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*,
  914 F.3d 213 (4th Cir. 2019) ....................................................................................... 2

*Steinburg v. Chesterfield Ctny. Plan. Comm'n*,
  527 F.3d 377 (4th Cir. 2008) .................................................................................... 3, 5

*U.S. v. Gatto*,
    No. 1:17-cr-00686-LAK (S.D.N.Y. Nov. 2, 2018)........................................................ 11

**Statutes**

North Carolina Uniform Athlete Agents Act ("UAAA"), N.C. Gen. Stat. §
    78C-85 *et seq.* ..................................................................................................*passim*

**Other Authorities**

Fla. R. Civ. P. 1.340 ..................................................................................................... 7

Fla. R. Civ. P. 1.370 ..................................................................................................... 7

## PRELIMINARY STATEMENT

This Court granted Plaintiff partial judgment on the pleadings on January 20, 2021, determining that the Agreement is void as a matter of law under the North Carolina Uniform Athlete Agents Act, N.C. Gen. Stat. § 78C-85 *et seq.* (the "UAAA"). In particular, this Court concluded that it was undisputed that (1) Defendants failed to register as agents or to include required warnings in their agreement with Mr. Williamson, in violation of the UAAA, (2) Mr. Williamson was engaged in college basketball at the time, and (3) Mr. Williamson had not been "determined to be or declared 'permanently ineligible' by the governing body authorized to do so." (*See* Mem. Op. and Order 17, 19-20, ECF No. 49 ("Order").) This Court further concluded that those undisputed facts were sufficient for Mr. Williamson to be protected as a "student-athlete" under the UAAA, and that Defendants cannot avoid the consequences of their unlawful acts by retroactively challenging Mr. Williamson's eligibility, because the UAAA's protections do not depend on a court "adjudicat[ing] the details of a student-athlete's eligibility under NCAA rules." (*Id.* at 17.)

Defendants' present Motion To Amend the Pleadings still does not dispute (1) that Defendants failed to register as agents or to provide the requisite warnings, in violation of the UAAA, (2) that Mr. Williamson was engaged in college basketball, or (3) that Mr. Williamson was never declared "permanently ineligible." Instead, Defendants levy more allegations to retroactively challenge Mr. Williamson's eligibility, an inquiry this Court

1

has specifically found to be irrelevant. This Court should deny the Motion To Amend the Pleadings as futile.

Once again, Defendants engage in precisely the type of conduct that the UAAA was designed to prevent—would-be agents turning the UAAA on its head by using the statute to attack a young athlete's reputation to deflect their own unscrupulous conduct. Defendants' Motion To Amend the Pleadings aims to embarrass and harass Mr. Williamson and his family and lacks a good faith foundation for its allegations. This Court should not countenance Defendants' effort.

Defendants have simultaneously filed a brief in support of their "Motion to Alter or Amend Judgment," ECF No. 52 (the "Motion To Reconsider"). Plaintiff is contemporaneously filing a separate brief in response to that motion, which should be denied because it is procedurally improper and falls far short of the demanding standard to reconsider this Court's ruling. Independent of that motion, however this Court should deny leave to amend.

## **LEGAL STANDARD**

In the Fourth Circuit, leave to amend under Rule 15(a) should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Johnson v. United Parcel Serv., Inc.*, 2021 WL 31914, at *1 (4th Cir. Jan. 5, 2021) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)). An amendment is futile when it is "clearly insufficient or frivolous on its face." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*,

2

914 F.3d 213, 228 (4th Cir. 2019) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986)); *see also N.C. Mut. Life Ins. Co. v. Stamford Brook Cap., LLC*, 2019 WL 4739539, at *9 (M.D.N.C. Sept. 27, 2019) (denying a motion to amend where the proposed amendments "would all be subject to dismissal") (Biggs, J.).  Futility is also found where the movant points to no new allegations that "would have changed the analysis conducted by the district court."  *Steinburg v. Chesterfield Ctny. Plan. Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).

"[T]he post-judgment climate is a major factor in the consideration of the other factors relevant to the inquiry, most especially those of bad faith and prejudice . . . ." *Logar v. W. Va. Univ. Bd. of Governors*, 2012 WL 243692, at *4 (N.D. W. Va. Jan. 25, 2012), *aff'd,* 493 F. App'x 460 (4th Cir. 2012).  A party has moved in bad faith where the proposed amendment is made to "muddy the waters" and "divert the court's attention from the resolution of [a] dispositive motion."  *See Hoffmann v. United States*, 266 F. Supp. 2d 27, 34 (D.D.C. 2003), *aff'd*, 96 F. App'x. 717 (Fed. Cir. 2004).  "[U]nexcused or undue delay, without reasonable excuse" can be sufficient reason to deny a motion to amend.  *De La Fuente v. S.C. Democratic Party*, 2017 WL 10768354, at *2 (D.S.C. Oct. 12, 2017).  "Such unexcused delay is often also considered evidence of dilatory motive and prejudice to the non-movant when leave to amend is sought after the district court has dismissed the [party's] claims."  *Logar*, 2012 WL 243692, at *5.  Courts "have consistently recognized undue delay as justifying denial of leave to amend . . . particularly where leave to amend is sought to raise new matters after the trial court has

ruled on the merits or entered judgment." *Duncan v. Clark*, 2015 WL 2218240, at *3

(E.D. Va. May 11, 2015) (alteration in original) (quoting *Briddle v. Scott*, 63 F.3d 364,

379 (5th Cir. 1995)).

## **ARGUMENT**

I.    Defendants' Amended Pleadings Are Futile Because They Fail To Address the
      Pleading Deficiencies the Court Identified.

At the outset, the proposed amendment to Defendants' pleadings would be futile

because it does not dispute, or even challenge, the facts that this Court previously

determined were sufficient to warrant invalidation of the Agreement as a matter of law:

Defendants never registered as athlete agents or provided the warnings the UAAA

requires; Mr. Williamson was "engaged in" playing college basketball during the relevant

time period; and Mr. Williamson had not been declared "permanently ineligible" by any

governing body authorized to do so.

The Court found that Defendants admitted that Mr. Williamson was "actively

engaging in an intercollegiate sport—namely, men's basketball—which is one of the

ways the UAAA provides that an individual can be deemed a student-athlete."  (Order at

15-16.)  Nothing in Defendants' proposed amended pleadings refutes this fact.  Indeed,

they still admit it.  (*See* Proposed Am. Answer ¶ 15, ECF No. 56-1 ("Am. Pleadings").)

Defendants also do not dispute that Mr. Williamson "had not been declared permanently

ineligible . . . at the time of the Agreement."  (Order at 17.)  And again, they do not

dispute their failure to register or to provide the required warnings, in clear violation of

the UAAA, which in turn are sufficient to void the Agreement.

4

Instead, each of Defendants' proposed "factual" amendments center around their continuing effort to contend that Mr. Williamson could potentially have been found to be permanently ineligible during the time they admit he was actively playing basketball for Duke University. That effort ignores this Court's determination that protection under the UAAA does not depend on a retroactive judicial investigation of the student's conduct: "Defendants have provided no authority, case law or otherwise, that suggests that it is for a court to adjudicate the details of a student-athlete's eligibility under NCAA rules. Rather, in applying the statute, it would appear that the Court's role is to determine whether the student-athlete has been either determined to be or declared 'permanently ineligible' by the governing body authorized to do so. Defendants have not alleged that this has occurred." (Order at 17.) Further factual allegations about supposed eligibility violations are accordingly *entirely irrelevant*. (*See* Order at 8; Pl.'s Opp'n Mot. Recons. 10-14, ECF No. 57.)

Thus, the amended pleadings are futile. *See Steinburg*, 527 F.3d at 390 (affirming denial of a motion for leave to amend the complaint where the plaintiff "pointed to no material in his proposed amended complaint that would have changed the analysis conducted by the district court"); *Palmetto Assisted Living Sys., Inc. v. KeyBank Nat'l Ass'n*, 2019 WL 5872138, at *2 (D.S.C. Apr. 8, 2019) (denying the motion to amend

where "the proposed amendments do not successfully address or satisfy the reasons for dismissal").[1]

## II.    Defendants' Motion To Amend Is Dilatory and Lacks a Good Faith Foundation.

In addition to being futile, the Motion To Amend the Pleadings fails for the independent reasons that the Defendants' delay in submitting it is unjustified and their allegations lack any good faith basis.

### A.    *Defendants' Delay in Moving To Amend Is Unjustified.*

"Unexcused or undue delay, without a reasonable excuse," is sufficient reason to deny a motion to amend. *De La Fuente*, 2017 WL 10768354, at \*2. "[U]nexcused delay is often also considered evidence of dilatory motive and prejudice to the non-movant when leave to amend is sought after the district court has dismissed the [party's] claims." *Logar*, 2012 WL 243692, at \*5. The underlying facts cited in Defendants' proposed

---

[1] The Motion To Amend the Pleadings is entirely reliant upon, and fails as a result of, Defendants' Motion To Reconsider. As set forth above, the allegations that Defendants seek to inject into the pleadings are utterly irrelevant to this Court's Order. Thus, the amendment is futile unless Defendants are able to establish "clear error of law" in their Motion To Reconsider, which they fail to do. *See Glob. Growth, LLC v. Causey*, 2021 WL 111494, at \*4 (M.D.N.C. Jan. 12, 2021) (finding that where there was "no clear error of law nor manifest injustice in the Court's earlier order . . . [and] the proposed amended complaint does not make plaintiffs' claims any more plausible," the party's motion for reconsideration and motion to amend would be denied).

6

amended pleadings come from widely publicized allegations from early 2019.

Defendants were well aware of these allegations.

In particular, on May 6, 2020, Defendants publicly filed discovery requests in the related Florida Action between the parties.[2]  These discovery requests, which included interrogatories and requests for admission directed at Mr. Williamson, explicitly referenced many of the allegations now set forth in the amended pleadings.  *See* Plaintiffs' First Requests for Admissions to Defendant Zion Williamson, *Prime Sports Marketing, LLC v. Williamson,* Case No. 2019-018705-CA-01 (Miami-Dade Cir. Ct., May 6, 2020) ("Florida Action"), Filing # 107154610, Dkt. No. 37;[3] Plaintiffs' Notice of Propounding First Set of Interrogatories to Defendant Zion Williamson, *Prime Sports Marketing, LLC v. Williamson,* Case No. 2019-018705-CA-01 (Miami-Dade Cir. Ct.,

---

[2] There is no requirement in the Florida Rules of Civil Procedure that discovery requests should be publicly filed, suggesting that Defendants' only motive in doing so was to seek to embarrass Mr. Williamson and his family.  *See* Fla. R. Civ. P. 1.340; Fla. R. Civ. P. 1.370.

[3] https://www2.miami-dadeclerk.com/ocs/ViewerPDF.aspx?QS=c5IYpK185bZZt%2fe6fign%2fhI1CGzm4M%2bEt6NEHld3oSTj8oFbfnm0uiNPm2kxq7TKQXlRCfOqOmS4CYlewtMZM5NzdxjOpCYvwq6qo7wPiPhse5sPaQkEwzuAUoObJVbAnHaLvp2Fi9seEpnybB%2fqAFeW6zCf6JlLmAUuObrhcD03LaMNV827z3%2f9xUDaFD%2feP%2bMhmdlQur8ncs5Em2oivTz3Mkvy11yVv8uPZM0fDXh6Rbq7CaPxySZ%2bxZODopn7HCZaYZfmpOjDT8f63493OO2OIE74I%2bOgqv3vYlmDRAuMlGbehep1y2VUfplUu%2fK65CYLEuXwVThWUCf17qg0nBmb4l763VAC

7

May 6, 2020), Filing # 107154610, Dkt. No. 38.[4]  Mr. Williamson was not required to

respond to these discovery requests on account of a stay of discovery pending the appeal

of his motion to dismiss for lack of personal jurisdiction.  Thus, Defendants did not

subsequently learn additional information through Mr. Williamson's responses.

The record of Defendants' own filings thus belies Defendants' representation to

this Court that they learned of these allegations "[s]ubsequent to the filing of Defendants'

Answer, Affirmative defenses and Counterclaims." (Motion to Amend, ECF No. 56 at 1.)

Accordingly, Defendants could have alleged these facts (i) in connection with their

Answer and Counterclaims filed on May 8, 2020, nearly a year ago; (ii) in advance of

filing their opposition to the Motion for Partial Judgment on the Pleadings filed on June

9, 2020; (iii) in July 2020 when they moved to supplement that opposition, especially

after Plaintiff specifically noted that Defendants' motion was procedurally improper

because it relied on "materials beyond the pleadings," (Pl.'s Opp. Defs.' Mot. Suppl. 2-4,

ECF No. 46); or (iv) at any time in the six months between the time at which the parties

had fully briefed Defendants' Motion To Supplement their Opposition to Motion for

Partial Judgment on the Pleadings, ECF No. 41, ("Motion to Supplement") and when the

---

[4] https://www2.miami-
dadeclerk.com/ocs/ViewerPDF.aspx?QS=c5IYpK185bZZt%2fe6fign%2fhI1CGzm4M%
2bEt6NEHld3oSTj8oFbfnm0uiNPm2kxq7TKQXlRCfOqOmS4uZT%2b4ev7RZurDilu7
%2f5M8oSHRt0DPRw8Aji0ASh7eDm1eUF7Mig2LK4FT%2bNEaaItONiMHxrXryK%
2b1QKEkakL9NVWqshlNCaF5zTspanmlcgtRMzZVDPOhOYcB2a5pdr12rGt1rhUfdZX
YgKu%2fJ1ah2FyMiECQH7meeuDuIBxVRks6VfTr3CRXoEd6%2ba26PFXDsybXbFZ
lSEpz07JdOxIBx5%2fKuIIe8rjHHzluPVoCHrWCkTO%2fv0SBYl2YHTwDdp0bzTfKw
DNkOnTxLY5LAVp

Court issued its recent decision. *See R.J. Reynolds Tobacco Co. v. So. Ry. Co.*, 110 F.R.D. 95, 97 (M.D.N.C. 1986) (finding delay "unjustified" where the party moving to amend "knew the relevant facts prior to its original answer" and months before seeking leave to amend); *Figgie Int'l, Inc. v. Miller*, 966 F.2d 1178, 1181 (7th Cir. 1992) (finding undue delay where the party sought leave to amend three months after the original complaint but could not "provid[e] an adequate explanation for failing to ask for leave to amend before judgment was entered").

Defendants chose to wait until after the Court granted Mr. Williamson's Motion for Partial Judgment on the Pleadings and effectively eliminated most of Defendants' Counterclaims to assert salacious allegations, notwithstanding that this Court has already found them to be irrelevant as a matter of law. Defendants' dilatory tactics should not be rewarded with a second bite at the apple.

B. *Defendants Bring the Proposed Amended Pleadings in Bad Faith.*

Courts regularly hold that motions to amend are brought in bad faith when the proposed amendments are similar to already-rejected claims or otherwise unlikely to succeed on their face. *Logar*, 2012 WL 243692, at \*6. Defendants now set forth further allegations that attempt to provide more color and detail about an inquiry this Court has already determined to be irrelevant under the UAAA.

Defendants' bad faith is clear from Defendants' attempt to use their second-filed Florida Action to circumvent this Court's ruling and inflict needless cost and harm on Mr. Williamson. On February 22, 2021, Defendants filed in the Florida Action a notice

9

of their intent to seek documents from non-party National Collegiate Athletic Association (NCAA). The discovery that Defendants seek is plainly an effort to dispute Mr. Williamson's status as a "student-athlete" protected by the UAAA—only thirty-three days after this Court already resolved these precise issues. Defendants' attempt to relitigate the same issue flies in the face of this Court's ruling and is nothing more than an effort to harass Mr. Williamson and third parties. *See Delgado v. Orchard Supply Hardware Corp.*, 2011 WL 4627073, at *3 (E.D. Cal. Oct. 3, 2011) ("A party acts in bad faith when it seeks to amend its pleadings solely for a 'wrongful motive' such as unnecessary delay or harassment." (quoting *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987)).

The style in which Defendants assert their new allegations also belies any grounding in good faith. Defendants set forth an assortment of alternative allegations, stating, for example, that "Plaintiff, his mother, his stepfather *and/or* a third part(ies) acting on Plaintiff's behalf received, accepted, requested *and/or* solicited monies, financial compensation, improper benefits, prohibited benefits, improper housing and employment opportunities *and/or* otherwise . . . ." (Am. Pleadings, First Affirmative Defense at 27-28.) Defendants are thus simultaneously pleading an assortment of alternative versions of facts, revealing that they have no basis for their divergent allegations.

Defendants also rehash unsubstantiated conjecture in their amended pleadings, but provide no explanation as to why they can excuse their own flagrant violations of the

UAAA by pointing at Mr. Williamson's family. As noted in Mr. Williamson's Reply

Memorandum in Support of the Motion for Partial Judgment on the Pleadings,

Defendants offer an excerpt from a taped phone conversation between two individuals

ostensibly discussing Mr. Williamson—but Defendants fail to include the portion of the

trial transcript in which the Court ruled the excerpt irrelevant. *See* Transcript of

Proceedings 38-42, *U.S. v. Gatto*, No. 1:17-cr-00686-LAK (S.D.N.Y. Nov. 2, 2018), ECF

No. 259. And the transcript itself is unclear as to what Mr. Williamson or anyone acting

on his behalf may have asked for (and much less whether any purported request would

have violated NCAA rules). Defendants also make vague insinuations about the cars and

homes that Mr. Williamson's family owned and rented without explaining why the

owning of such cars and homes was "improper," and without alleging any basis for their

suggestion that that Mr. Williamson or his family obtained these cars or homes in an

improper manner.

Similarly, Defendants reiterate specious allegations that they made in their Motion

to Supplement, but the Court already rejected these allegations as "immaterial." (Order

at 8.) And as Mr. Williamson described in his Opposition to the Motion to Supplement,

the documents on which Defendants' motion was based are fraudulent and inadmissible

under the Federal Rules of Evidence. (Pl.'s Opp. Defs.' Mot. Suppl. 7-16, ECF No. 46.)

Nevertheless, Defendants have opted once again not to investigate the authenticity of the

documents or the veracity of Mr. Duric's or Mr. Kreiss's assertions.[5]  Instead, they are

content to reassert these allegations despite having admitted that they would need

"extensive further discovery" to confirm even the authenticity of the underlying

documents.  (*See* Defs.' Mem. Supp. Mot. Suppl., ECF No. 45-1, Ex. A at 8.)  They do

all of this without engaging, or even mentioning, this Court's rejection of their attempts

to rely on such evidence.

Finally, Defendants posit that "Coach K and/or Duke University had incentives to

conceal the improper benefits, promises, monies, employment and/or housing or

otherwise that Plaintiff ZION WILLIAMSON, his mother, his stepfather and/or any third

party(ies) acting on Plaintiff's behalf received, accepted, requested and/or solicited . . . ."

(Am. Pleadings ¶ 59.)  Defendants do so, however, without providing *any* factual basis

for their conclusory allegations that Duke and the NCAA, separate organizations

explicitly tasked with investigating and confirming student-athlete eligibility, failed to

investigate Mr. Williamson's student-athlete eligibility.  *See Figgie Int'l, Inc.*, 966 F.2d at

---

[5] In addition to failing to investigate the litany of evidence demonstrating the fraudulent
nature of the documents on which Defendants' proposed amended pleadings rely,
Defendants also appear to have declined to investigate by speaking with Mr. Duric
themselves.  For example, Mr. Duric has now recanted the story he purportedly told to
Mr. Kreiss, admits that he never spoke with Mr. Williamson himself and believes the
person who purported to be Lee Anderson to be "an imposter," and believes that he has
been the "victim of a con job."  *See* Pat Forde, *Zion Williamson's Lawsuit Takes Another
Bizarre Turn Involving an Agent with a Controversial Past*, SPORTS ILLUSTRATED (July
13, 2020), https://www.si.com/college/2020/07/13/zion-williamson-duke-lawsuit-slavko-
duric.

12

1181 (finding bad faith where the party "failed to make any reasonable inquiry as to whether there were facts supporting" his claim).

Defendants' motion to amend is futile, belated, and lacking a good faith basis. With or without the amendments, the Agreement is void as a matter of law under the UAAA. This Court should not countenance Defendants' effort to impugn Mr. Williamson's character by using baseless allegations to support a legal theory this Court has already squarely rejected.

## CONCLUSION

For the foregoing reasons and those set forth in Mr. Williamson's Opposition to the Motion To Reconsider, the Court should deny Defendants' Motion To Amend the Pleadings.

*[Signatures Follow]*

13

This 10th day of March 2021.

/s/ John R. Wester

John R. Wester
N.C. Bar No. 4660
jwester@robinsonbradshaw.com
Robert E. Harrington
N.C. Bar No. 26967
rharrington@robinsonbradshaw.com
Fitz E. Barringer
N.C. Bar No. 42679
fbarringer@robinsonbradshaw.com

ROBINSON, BRADSHAW & HINSON, P.A.
101 N. Tryon St., Ste. 1900
Charlotte, North Carolina 28246
Telephone:    704.377.2536
Facsimile:    704.378.4000

Jeffrey S. Klein*
Jeffrey.Klein@weil.com
Pravin R. Patel*
Pravin.Patel@weil.com
Lauren E. Richards*
Lauren.Richards@weil.com

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  212.310.8790
Facsimile:  212.310.8007

*Local Rule 83.1(d) Special Appearance filed.

*Attorneys for Plaintiff*

14

## LR 7.3(d)(1) Word Count Certification

I hereby certify that this brief contains 3,072 words as reported by Microsoft Word word count feature and is in compliance with Local Rule 7.3(d)(1).

/s/ John R. Wester
John R. Wester