# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

# CASE NO. 1:19-CV-593-LCB-JLW

ZION WILLIAMSON,

    Plaintiff,

v.

PRIME SPORTS MARKETING, LLC and
GINA FORD,

    Defendants.
_____/

# DEFENDANTS' OMNIBUS REPLY TO PLAINTIFFS' MEMORANDA OPPOSING DEFENDANTS' MOTION TO ALTER AND AMEND THE COURT'S ORDER OF PARTIAL JUDGMENT ON THE PLEADINGS AND DEFENDANTS' MOTION FOR LEAVE TO AMEND <u>ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS</u>

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................i

TABLE OF CITATIONS ............................................................................... ii

ARGUMENT ................................................................................................1

    1. IF THE COURT DEEMS RULE 59 INAPPLICABLE, THE COURT SHOULD REVIEW THE MOTION UNDER THE RULE 54 STANDARD ................................1

    2. DEFENDANTS' ARGUMENT IS AN APPROPRIATE ARGUMENT FOR RECONSIDERATION ................................................................................3

    3. THE COURT IS NOT BOUND BY THE NCAA'S DETERMINATION OF WILLIAMSON'S ELIGIBILITY ....................................................................3

    4. DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM SHOULD BE GRANTED ...........8

CONCLUSION .............................................................................................9

LR 7.3(d)(1) Word Count Certification ................................................................11

# TABLE OF CITATIONS

Page

*Am. Canoe Ass'n v. Murphy Farms, Inc.*,
 326 F.3d 505 (4th Cir. 2003) ......................................................................................1, 3

*Herndon v. Alutiiq Educ. & Training, LLC*,
 2016 WL 9450428 (E.D. Va. Aug. 15, 2016)........................................................................5

*Labor v. Harvey,*
 438 F.3d 404 (4th Cir. 2006)...................................................................................7

*Mears Group, Inc. v. Kiawah Island Util., Inc.*,
 2019 WL 2297345 (D.S.C. May 30, 2019) ............................................................1, 2

*Sanders v. Lowe's Home Centers, LLC*,
 2016 WL 5920840 (D.S.C. Oct. 11, 2016) .............................................................3

*Spill the Beans, Inc. v. Sweetreats, Inc.*,
 2009 WL 2929434 (D.S.C. Sept. 8, 2009)..............................................................2

*Tully v. Tolley*,
 63 Fed. Appx. 108, 112 (4th Cir. 2003)..................................................................2

## OTHER AUTHORITIES

Fed.R.Civ.P. 54 ..........................................................................................1, 2, 3

Fed.R.Civ.P. 59 ..........................................................................................1, 2, 3

Fed.R.Civ.P. 60 ...............................................................................................1

N.C. Gen. Stat. Ann.§ 78C-100 .................................................................................6

### 1. IF THE COURT DEEMS RULE 59 INAPPLICABLE, THE COURT SHOULD REVIEW THE MOTION UNDER THE RULE 54 STANDARD.

Because Plaintiff obtained partial judgment on the pleadings on his claim for declaratory judgment and because of certain language regarding declaratory judgments in 4th Circuit jurisprudence, Defendants, in an abundance of caution, elected to bring this motion under Rule 59(e). Should the Court disagree and deem Rule 54 applicable, the remedy is not to deny the motion, but to consider it under the less stringent standard of Rule 54.

While the Court's Order granting judgment on the pleadings did not result in entry of final judgment in favor of the Plaintiff, the fact that the Court entered a declaratory judgment in favor of the Plaintiff somewhat muddies the waters. In *Am. Canoe Ass'n v. Murphy Farms, Inc.,* 326 F.3d 505, 514–15 (4th Cir. 2003), the Fourth Circuit wrote that "true declaratory judgments, like other final orders, trigger heightened standards for reconsideration," citing to Rules 59 and 60. Further, in *Mears Group, Inc. v. Kiawah Island Util., Inc.,* 2019 WL 2297345, at *2 (D.S.C. May 30, 2019), the district court noted that when a court grants all the relief sought in a claim for declaratory judgment, "the court's declaration was the 'ultimate disposition' of the declaratory judgment claim, meaning the claim is a final judgment." If Defendants had brought our motion for reconsideration under Rule 54 rather than Rule 59 and been incorrect, the motion would not have tolled the time

1

to file a notice of appeal. Accordingly, we sought relief under the Rule that best preserved our right to appellate review.

Because the court's ruling did not bring an end to this case, we agree with the Plaintiff that this is an interlocutory order that the Court may reconsider at any time. If the Court agrees, however, the remedy is not to deny Defendant's motion, but to consider it under the less stringent Rule 54 standard, as demonstrated by the Plaintiff's own cases. In *Tully v. Tolley*, 63 Fed. Appx. 108, 112 (4th Cir. 2003), the Circuit Court noted that "the district court properly found that Rule 54(b), not Rules 59 or 60(b), provided the authority for it to review the motion to set aside summary judgment." The district court then reviewed the motion under the less stringent Rule 54(b) Standard. *Id.* In *Spill the Beans, Inc. v. Sweetreats, Inc.,* 2009 WL 2929434, at *1 (D.S.C. Sept. 8, 2009), the court held that a Rule 59(e) motion was an inappropriate vehicle for reconsideration of an interlocutory order and dismissed the motion without prejudice with leave to refile as a Rule 54(b) motion. We believe such a dismissal would be simply result in an unnecessary delay. The Court has the discretion to simply apply the Rule 54(b) standard to the Defendants' motion.

Forcing the Defendants to refile their motion under a different name makes little sense, especially given the fact that "district courts in the Fourth Circuit, in analyzing the merits of a Rule 54 motion, look to the standards of motions under Rule 59 for guidance." *Sanders v. Lowe's Home Centers, LLC*, 2016 WL 5920840,

2

at *1 (D.S.C. Oct. 11, 2016) *Sanders* explains that reconsideration under Rule 54 is appropriate to "correct a clear error of law or prevent manifest injustice.") *Sanders* at *1. This element is the one of the same elements of "the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the element[] [is] not applied with the same force when analyzing an interlocutory order." *Sanders* at *2, *citing Am. Canoe Ass'n, supra,* at 514.

Instead, reconsideration of the order is "committed to the discretion of the district court" guided by "doctrines such as law of the case." *Am. Canoe Ass'n, supra,* at 515. But, as , The Fourth Circuit cautions in *Am. Canoe Ass'n,* "Law of the case is just that however, it does not and cannot limit the power of a court to reconsider an earlier ruling. The ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under law." *Id.*

### 2. DEFENDANTS' ARGUMENT IS AN APPROPRIATE ARGUMENT FOR RECONSIDERATION.

Plaintiff begins his argument in response by suggesting that Defendants have either already raised the arguments made in the motion for reconsideration or failed to raise arguments available at the time of their memorandum in opposition. Neither is true. First, Defendants' memorandum in response to Plaintiff's motion for judgment on the pleadings focused on the sufficiency of the Defendants' denials as to Williamson's eligibility as a student athlete, not on whether Defendants could contest that eligibility in the first instance. This is because Plaintiff did not raise this

3

argument in his initial motion.

Nowhere in Plaintiff's motion for judgment on the pleadings did he argue that the Court could not adjudicate Williamson's eligibility under NCAA rules. (DE35 at 20-23). Indeed, Williamson spent part of his argument addressing the existence of his Instagram post in which he stated he was intending to enter the 2019 NBA draft. (DE35 at 22) Williamson wrote "the Instagram video thus does not create a question of material fact as to whether Mr. Williamson was a 'student athlete,' because a social media post cannot and did not affect Mr. Williamson's eligibility." *Id.* By implication, this argument acknowledges that there *are* factors outside the NCAA's determination of eligibility that can affect a student athlete's eligibility. Otherwise, Williamson would have argued that the Instagram post was irrelevant as a matter of law because the only factor relevant to the Court's analysis is the NCAA's determination of eligibility. But Williamson did not make this argument in his initial motion, and Defendants therefore could not respond to it.

Further, contrary to Plaintiff's argument, Defendants' motion is not "mere disagreement with the court's application of the law." *Herndon v. Alutiiq Educ. & Training, LLC*, 2016 WL 9450428, at *2 (E.D. Va. Aug. 15, 2016). Defendants are not disagreeing with the Court's application of the law. Defendants argue that the Court has reached a conclusion that is unsupported by *any* law. Neither the Plaintiff nor the Court cites to any authority holding that the Court may not adjudicate

4

whether Williamson met the definition of an eligible student athlete under the UAAA, because no such authority exists. Defendants are therefore arguing that the Court's holding, on this discrete issue, is a clear error of law, which is one of the three elements the Court may properly consider in a motion for reconsideration.

### 3. THE COURT IS NOT BOUND BY THE NCAA'S DETERMINATION OF WILLIAMSON'S ELIGIBILITY.

Given the opportunity to present authority to support its argument that the court may not conduct a "post-hoc investigation into the student's eligibility," Plaintiff comes up empty. (DE57 at 11) If, as Plaintiff insists, the NCAA's finding of eligibility is effectively binding as a matter of law, then none of the athletes in the cases we discussed in our motion could have challenged the NCAA's rulings on their eligibility. Agents facing civil penalties for violations of a state UAAA could not raise the eligibility of the athlete as a defense. And none of the criminals whose actions would have rendered athletes ineligible under NCAA rules could have been punished unless the NCAA actually declared them to be permanently ineligible. The rule proposed by the Plaintiff would necessarily produce these absurd outcomes. But no such rule exists, and the Court should not deign to create such a rule here from whole cloth.

Moving on, Plaintiff's assertion that the UAAA is not designed to regulate student athlete's conduct is demonstratively false. Section 78C-100 of the UAAA allows educational institutions to sue former student athletes for damages as a result

5

of violations of NCAA rules that never led to an NCAA declaration of ineligibility. By necessity, such a suit would require the finder of fact to determine whether or not the alleged violations could have resulted in a finding of ineligibility. There is no logical reason why the fact finder could make such a determination under one part of the statute but not another.

Plaintiff's effort to undermine the import of *Sloane* and *Howard* cases is unavailing. Plaintiff argues that "nothing in these cases suggest that these courts would have, or this court should have, engaged in a retroactive analysis of eligibility." (DE57 at 17-18) These cases absolutely suggest that a retroactive analysis of eligibility would have been a proper defense for these agents, *had it been timely raised*. Otherwise, these courts would not have dismissed the argument based on their untimeliness. The courts would have dismissed the argument because it was not an available defense as a matter of law. The time at which a defense is raised only matters if it was a viable defense in the first instance. Court's do not waste time analyzing whether completely frivolous defenses were timely raised. There is no logical distinction that would allow an agent to retroactively challenge an athlete's eligibility when facing administrative penalties for violating the UAAA, but preclude an agent from making the same argument in response to an athlete's attempt to void their agreement under the UAAA.

As a final matter, Plaintiff characterizes Defendants' motion for

6

reconsideration as one "devoted to attacking the character and integrity of Mr. Williamson and his family and seeking to tarnish their reputation." (DE57 at 14) Not so. Throughout Williamson's papers, and indeed, in numerous statements made by his attorneys to the press, Plaintiff has attacked the reputation of the Defendants, calling them, among other aspersions, unscrupulous and overreaching. Defendants here seek only to preserve their reputation. As the Court will recall, the Plaintiff's allegations, which at this stage must be accepted as true, were that Williamson reached out to Ms. Ford and invited her to come to North Carolina to meet with him, *after* he had announced his intentions to enter the draft on Instagram. Accepting that invitation could hardly be characterized as unscrupulous or overreaching. The only unscrupulous entity involved in this process is Williamson's new agent, Creative Artists Agency, who induced Williamson to break his contract with the promise that they would pay for his defense and any damages he might be responsible for under the inevitable lawsuit filed by the Defendants. There was never any chance that Williamson was going to return to Duke. His college career was over when he signed the agreement with Defendants. His reliance on the UAAA is nothing more than a bad faith effort by his counsel to use the technical requirements of the UAAA, a statute that was never intended to protect athletes in Williamson's position, to extricate CAA from any consequences for its malfeasance. Defendants should be given the opportunity to prove this to the finder of fact.

7

### 4. DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM SHOULD BE GRANTED.

For the reasons set forth above and in our initial motions, Defendants' request to amend is not futile. The law allows Defendants to challenge whether Williamson's actions rendered him ineligible as a student athlete under the UAAA.

Defendants' request to amend is not, as Plaintiff contends, dilatory. In fact, the timing of the motion, by itself, is not a factor they court may consider in ruling upon it. The Fourth Circuit has held that a court may not deny a party's motion for leave to amend solely because the court has already entered a judgment in favor of the other party. *See Labor v. Harvey,* 438 F.3d 404, 427 (4th Cir. 2006). Instead, "[a] post-judgment motion to amend is evaluated under the same legal standard as a similar motion filed before judgment was entered—for prejudice, bad faith, or futility." *Id.*

Plaintiff has not argued any prejudice, because he will not be prejudiced. The request to amend was made before Plaintiff had answered the Defendants' counterclaim, and before any discovery occurred in this case.

Plaintiff does argue that Defendants' request for leave to amend was made in bad faith because, he contends, "it attempts to provide more color and detail about an inquiry this Court has already determined to be irrelevant under the UAAA." (DE58 at 9) Of course, we have requested reconsideration of this determination, as set forth above. If we succeed in convincing the Court on this issue, then the

8

additional allegations we wish to plea could hardly be considered irrelevant, let alone sought in bad faith.

## CONCLUSION

For the reasons set forth above, Defendants' respectfully request this Court reconsider its holding that the Defendants may not raise Williamson's ineligibility as a defense to his claim for declaratory relief, and grant Defendants' motion for leave to amend their answer, affirmative defenses, and counterclaim to allege the factual basis establishing that ineligibility.

Dated this 24th day of March 2021.

/s/ Willie E. Gary
WILLIE E. GARY, ESQ.
GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260
weg@williegary.com
*Local Rule 83.1(d) Special Appearance*

/s/ Alvin L. Pittman
ALVIN L. PITTMAN, ESQ.
(N.C. Bar No. 8460)
office@apittman-law.com
Law Offices of Alvin L. Pittman
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC

9

and GINA FORD
Airport Center Building
5901 W Century Boulevard, Suite 412
Los Angeles, California 90045
(310) 337-3077
(310) 337-3080(fax)

/s/ Stephen L. Drummond
Stephen L. Drummond*
sdrummond@dswinlaw.com
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050
Fax: (718) 298-5554
*Local Rule 83.1(d) Special Appearance*

/s/ JoAnn Squillace
JoAnn Squillace*
jsquillace@dswinlaw.com
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050
Fax: (718) 298-5554
*Local Rule 83.1(d) Special Appearance*

10

**LR 7.3(d)(1) Word Count Certification**

I hereby certify that this brief contains 2,118 words as reported by Microsoft Word count feature and is in compliance with Local Rule 7.3(d)(1).

Respectfully submitted,

By: /s/ Willie E. Gary