# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No.: 1:19-cv-00593-LCB-JLW

ZION WILLIAMSON,

      Plaintiff/Counter-Defendant

      v.

PRIME SPORTS MARKETING,
LLC, and GINA FORD,

      Defendants/Counter-Plaintiffs.

---

## DEFENDANTS' REPLY MEMORANDUM

---

**GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC**
21 E. Osceola Street
Stuart, Florida 34994-2213
(772) 283-8260; (772) 220-3343(fax)

**LAW OFFICE OF ALVIN L. PITTMAN**
Airport Center Building
5901 W. Century Blvd., Suite 412
Los Angeles, California 90045
(310) 337-3077; (310) 337-3080(fax)

**DRUMMOND & SQUILLACE, PLLC**
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050; (718) 298-554(fax)

*ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS*
*PRIME SPORTS MARKETING, LLC AND GINA FORD*

# TABLE OF CONTENTS

Page

TABLE OF CONTENTS ................................................................................ i

TABLE OF CITATIONS ............................................................................. ii

I.     DEFENDANTS' REPLY MEMORANDUM.................................. 1

II.    ARGUMENT ..................................................................................  3

      I.     DEFENDANTS' RULE 59(e) AND RULE 15(a) MOTIONS
           SHOULD BE  GRANTED.................................................. 3

         A. THE COMPLETE DEFINITION OF THE UAAA MUST
            BE INTERPRETED.................................................. 5

         B. THIS COURT DOES NOT CEDE AUTHORITY TO
            THE NCAA.............................................................. 6

         C. DEFENDANTS CHALLENGE PLAINTIFF'S
            ELIGIBILITY.......................................................... 8

      II.    THIS COURT SHOULD GRANT DEFENDANTS' RULE 60(b)
           MOTION.......................................................................... 10

III.   CONCLUSION....................................................................    13

      LR 7.3 (d)(1) WORD COUNT CERTIFICATION...........................  16

i

# TABLE OF CITATIONS

Page

*Ackerman v. United States,*
340 US 202………………………………………………………………….. 13

*Adams v. Gould Inc.,*
739 F.2d 858 (3d Cir. 1984)................................................................ 4, 5

*Anderson v. Cryovac, Inc.,*
862 F. 2d 910, 924 n.10 (1st Cir.1988)…………………………………… 10, 13

*Bowen v. Celebrezze,*
250 F. Supp. 46, 47 (W.D. La. 1963) ....................................... 8

*Buckton v. Nat'l Collegiate Athletic Assn.,*
436 F. Supp. 1258, 1259-60 (D. Mass. 1977)............................ 9

*Coho Licensing LLC v. Glam Media, Inc.,*
2017 WL 6210882, at *7 (N.D. Cal. Jan. 23, 2017),
*aff'd sub nom. Coho Licensing LLC v. Oath Inc.,*
710 Fed. Appx. 892 (Fed. Cir. 2018)...................................... 7

*Dussouy v. Gulf Coast Inv. Corp.,*
660 F.2d 594, 597 (5th Cir. 1981)…………………………………… 4

*Freedom, NY., Inc. v. United States,*
438 F. Supp.2d 457, 462-63…………………………………….. 13

*Garza as Next Friend of Garza v. Hobbs Pub. Sch.,*
2000 WL 36739864 *4 (D.N.M. Apr. 6, 2000) ........................ 7

*Gilbertson v. Allied Signal, Inc.,*
2005 WL 8163839, at *7, n.12 (D.N.M. June 30, 2005) .................. 8

*Horton v. United Services Auto. Ass'n,*
218 F.2d 453, 454 (5th Cir. 1955)………………………….…. 7

ii

*Howard v. Mississippi Sec'y of State,*
184 So. 3d 295, 300 (Miss. Ct. App (2015) …………………….….....................  8, 9

*Ignacio v. United States,*
674 F.3d 252, 255 (4th Cir. 2012)………………………………………………… 6

*In re Int'l Loan Network, Inc.,*
160 B.R. 1, 9-10  (Bankr. D.C. 1993)........................................................................7

*In re Rudy,*
956 F.3d 1379, 1382 (Fed. Cir. 2020) ....................................................................7

*Jenkins v. Allied Interstate, Inc.,*
2009 WL 3157399 (W.D.N.C. Sept. 28, 2009)…………………………………. 6, 13

*Jones v. Nat'l Collegiate Athletic Ass'n,*
392 F. Supp. 295, 296 (D. Mass. 1975) ................................................................... 9

*King v. Burwell,*
576 U.S. 473 (2015)............................................................................................... 6

*Laber v. Harvey,*
438 F.3d 404, 427 (4th Cir. 2006) ........................................................................... 4

*Loughrin v. United States,*
573 U.S. 351 (2014)............................................................................................... 4

*Manuel v. Oklahoma City Univ.,*
833 P.2d 288, 292 (Okla. Civ. App. 1992…………………………………………… 9

*McAdoo v. Univ. of N.C. at Chapel Hill,*
736 S.E.2d 811, 818 (N.C. Ct. App. 2013)………….………………………………… 9

*Matrix Capital Mgm't Fund, LP v. BearingPoint, Inc.,*
576 F3d 172, 192-193 (4th Cir.2009)………………………………………………… 8

*Mayfield v. National Association for Stock Car Auto Racing, Inc.,*
674 F3d 369, 378-379 (4th Cir. 2012)………………………….…………………….. 8

iii

*Medellin v. Texas,*
552 U.S. 491, 511 (2008)…….…………………………………………… 7

*Pacific Insurance. Co. v. American National Fire Ins. Co.,*
148 F.3d 396, 403 (4th Cir. 1998)…………………………………….. 3, 4

*Petition of Larson,*
152 F. Supp. 252, 254 (E.D. Va. 1957), *aff'd sub nom.*
*Larson v. United States,* 255 F.2d 166 (4th Cir. 1958)............................................ 7

*Price v. Rosiek Const. Co.,*
509 F.3d 704, 709 (5th Cir. 2007)…………………………………… 7, 8

*Schultz v. Butcher,*
24 F3d 626, 631 (4th Cir. 1994) …………………………………….. 10

*Sloane v. Tennessee Dep't of State, Bus. Services Div.,*
2019 WL 4891262 (Tenn. Ct. App. Oct. 3, 2019)…………………….…… 8, 9

*Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc.,*
365 F. Supp. 1199, 1200 (S.D.N.Y. 1973)................................................................. 7

*United States v. Xiarhos,*
820 F. Supp. 634, 635 (D. Mass. 1993) .....................………………………….. 7

*Wong Gum v. McGranery,*
111 F. Supp. 114, 115 (N.D. Cal. 1953)………………………………………. 8

*Zinkand v. Brown,*
478 F3d 637…………………………………………………………… 13

## OTHER AUTHORITIES

FRCP 15 (a)…………………………………………………………… 4

FRCP 15(a)(2)…………………………………………………………. 8

FRCP 59 (b)………………………………………………………….. 10

Case 1:19-cv-00593-LCB-JLW   Document 81   Filed 06/11/21   Page 5 of 23

FRCP 59 (e)……………………………………………………………………… 4

FRCP 60 (b)(2)…………………………………………………………………… 10

N.C. Gen. Stat. §78C-86(11)…………………………………………………… 5

N.C. Gen. Stat. §78C-100……………………………………………………… 5

N.C. Gen. Stat. §150B-51(fn. 2)……………………………………………… 9

v

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

### CASE NO. 1:19-CV-593-LCB-JLW

-------------------------------------------------------------X

ZION WILLIAMSON,

           Plaintiff/Counter-Defendant,

v.

PRIME SPORTS MARKETING, LLC and
GINA FORD,

           Defendants/Counter Plaintiffs.

-------------------------------------------------------------X

### DEFENDANTS' REPLY MEMORANDUM

Defendants, Prime Sports Marketing, LLC and Gina Ford submit this Memorandum of Law in Reply to Plaintiff's Opposition to, and in further Support of, Defendants' Motions to Alter/Amend and Vacate the January 20, 2021 Partial Judgment on the Pleadings and for Leave to Amend their Answer, Affirmative Defenses and Counterclaims herein.

Defendants' motions should be granted as Defendants have provided newly discovered evidence that clearly demonstrates Plaintiff's ineligibility to be or remain a "student-athlete" and that he is not protected by the UAAA. This newly discovered evidence of Plaintiff and/or his family receiving improper benefits was not created or invented by Defendants but, rather, was discovered

1

through public filings from other Federal Court cases that was filed not by Defendants, but by parties to other lawsuits which was then reported by the media. Defendants do not act in any bad faith in advancing such evidence here and Plaintiff's claim of bad faith is, indeed, inconceivable to any rational thinking person. Plaintiff's contention that this newly discovered evidence was filed herein by Defendants to somehow disparage Plaintiff when same was originally filed by a Plaintiff in a separate lawsuit, was widely reported by major news outlets and was available to the entire world on the Internet, is absurd.

If there has been any smearing to Plaintiff's name or reputation, it is only because of Plaintiff's and his parents' own conduct in taking and receiving these improper benefits, monies and gifts in the first instance. It is indeed quite telling that at no point in time up to present date, has Plaintiff or anyone on his behalf, by sworn Affidavit or otherwise, refuted the veracity of this newly discovered evidence nor denied that Plaintiff and/or his family received these improper benefits, monies and/or gifts from entities like Adidas. Plaintiff, by law and NCAA rules, was not allowed to take improper gifts, monies or benefits and, if he and/or anyone on his behalf did, such conduct permanently forfeited his "student-athlete" eligibility. Here, the newly discovered evidence is undisputed that Plaintiff and his family received financial gifts, payments and benefits from Adidas. If as Plaintiff contends, he is concerned about his own reputation,

2

Plaintiff can then affirm under penalties of perjury that the gifts/monies/benefits received by him and his family were lawful and proper – a recourse that Plaintiff and his parents intentionally fail to avail themselves of in this action.

Plaintiff also wholly fails to provide any governing case law holding that that this Court cedes any authority to the NCAA regarding his ineligibility to be/remain a "student-athlete" for purposes of application of the UAAA herein. Defendants, however, provide this Court with a plethora of governing, analagous and applicable case law demonstrating this this Honorable Court does, in fact, have the authority to decide this issue, just as other Courts have done and continue to do, and that this Court does not cede any of Its authority to the NCAA.

## ARGUMENT

## I. DEFENDANTS' RULE 59(e) AND RULE 15(a) MOTIONS SHOULD BE GRANTED.

It is well settled that under Rule 59(e), grounds for altering or amending a judgment include to account for new evidence not available at trial or to correct a clear error of law or "prevent manifest injustice." *Pacific Insurance. Co. v. American National Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998). This Court should grant Defendants' motion for reconsideration to correct a clear error of law regarding the legal effect of the NCAA's determination of Plaintiff's eligibility. This Court should also grant Defendants' Motion for Leave to Amend their Answer, Affirmative

3

Defenses and Counterclaims as this Court is "governed by the same considerations controlling the exercise of discretion under rule 15(a)." *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597, n. 1 (5th Cir. 1981); *Adams v. Gould Inc.,* 739 F.2d 858 (3d Cir. 1984); *Laber v. Harvey,* 438 F.3d 404, 427 (4th Cir. 2006) (granting leave to amend necessarily requires granting Rule 59(e) motion).

Here, Defendants pleaded Affirmative Defenses and Counterclaims that the UAAA does not apply to the parties' Contract because Plaintiff engaged in activities that violated NCAA rules. To then address the Court's concern in Its January 20, 2021 Order, holding that Defendants did not allege any of these "activities", Defendants timely and properly moved to amend their Answer. Defendants' proposed Amended Answer, Amended Affirmative Defenses and Amended Counterclaims clearly state and detail this newly discovered evidence, with attached documentary proof, of numerous instances of specific improper activities Plaintiff engaged in and/or specific improper benefits Plaintiff and/or his parents' received long before he ever had any contact with Defendants. [DE 70 (5-28)]. With these newly discovered facts of improper activities and benefits on the part of Plaintiff and/or his parents, Defendants are entitled to amend their pleadings and, in turn, are entitled to the granting of their Rule 59(e) motion. See FRCP 15(a), FRCP 59(e); *Pacific Insurance. Co. v. American National Fire Ins. Co.,* 148 F.3d at 403 (4th Cir. 1998); *Laber v. Harvey,* 438 F.3d at 427; *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d at 597, n. 1; *Adams v. Gould Inc.,*

4

739 F.2d at 858.

## A. **THE COMPLETE DEFINITION OF THE UAAA MUST BE INTERPRETED.**

Here, Plaintiff's taking and receiving of improper benefits, including those received from Adidas, render him not a "student athlete" prior to and at the time that he entered into the contract with the Defendants. The protections of the UAAA are designed for true student athletes who played by the rules, not athletes who successfully defrauded the NCAA but did not get caught or for whom a "blind eye" was turned. While Plaintiff intentionally ignores the entire definition of a "student athlete" under the UAAA, the complete definition mandates that:

> "…If an individual is permanently ineligible to participate in a particular intercollegiate sport, the individual is not a student-athlete for the purposes of the sport."

N.C. Gen. Stat. § 78C-86(11). Also included in the UAAA is the clause as to the non-restriction of "…rights, remedies, or defenses of any person under law or equity" which entitles Defendants to their affirmative defenses. N.C. Gen. Stat. § 78C-100. It is well settled, and Plaintiff does not refute, that Defendants have a right to raise an affirmative defense, which they do in their pleadings, challenging whether Plaintiff meets the prerequisite statutory definition of a "student-athlete" under the UAAA, and,

5

this right to challenge whether a party meets the required statutory definition has been long recognized in numerous contexts.[1]

This Court must construe the UAAA as written and not add words of Its or Plaintiff's own choosing. See *Ignacio v. United States*, 674 F.3d 252, 255 (4th Cir. 2012). This Court's January 20, 2021 Order improperly adds an alleged NCAA declaration of ineligibility as a requirement to the UAAA which is not present in the language of the statute and which would render other portions/clauses of the UAAA meaningless; including Section 78C-100(b) of the UAAA regarding an educational institution's right/remedy to sue for damages as a result of the conduct of a former student-athlete, whether declared ineligible by the NCAA or not, that caused the educational institution to be injured, penalized, disqualified, or suspended from participation in athletics. Indeed, statutes including the UAAA are not to be interpreted in a manner that would render parts of it meaningless.

## B. **THIS COURT DOES NOT CEDE AUTHORITY TO THE NCAA.**

Plaintiff provides absolutely no authority or caselaw to support the notion that this Court cannot examine or adjudicate a student-athlete's eligibility under NCAA

---

[1] See *Jenkins v. Allied Interstate, Inc.*, 2009 WL 3157399 (W.D.N.C. Sept. 28, 2009)(Defendant asserted affirmative defenses alleging "that Plaintiff is not a 'consumer' within meaning of North Carolina General Statute § 58–70–90 governing collection of debts from debtors and that Defendant is not "telephone solicitor" within meaning of North Carolina General Statute § 75–101 governing telephone solicitations). Defendants also incorporate by reference as if more fully set forth at length herein, the additional cases originally cited in Footnote 1 to Defendants' Motion to Alter/Amend the Judgment regarding cases where parties raise affirmative defenses challenging the other party's meeting of statutory definitions [DE 52 at fn. 1].

6

rules nor that this Court is bound by any findings by the NCAA as to same. As a result of Plaintiffs' failure, this Court's January 20, 2021 Order also fails to set forth any governing law demonstrating that this Court must cede Its authority to the NCAA on this issue of Plaintiff's eligibility.

Conversely, Defendants, in their moving papers which are incorporated by reference herein, provide this Court with numerous cases demonstrating that this Court does not cede Its authority to the NCAA on the issue of Plaintiff's eligibility. District Courts are not bound by State Court findings, by other Court findings nor bound by any findings by any government agencies -- law provided by Defendants that Plaintiff neither refutes nor to which does he provide any contradicting or overruling law. See *Horton v. United Services Auto. Ass'n*, 218 F.2d 453, 454 (5th Cir. 1955); *United States v. Xiarhos*, 820 F. Supp. 634, 635 (D. Mass. 1993); *Garza as Next Friend of Garza v. Hobbs Pub. Sch.*, 2000 WL 36739864, at \*4 (D.N.M. Apr. 6, 2000); *In re Int'l Loan Network, Inc.*, 160 B.R. 1, 9-10 (Bankr. D.C. 1993); *Medellin v. Texas,* 552 U.S. 491, 511 (2008); *In re Rudy,* 956 F.3d 1379, 1382 (Fed. Cir. 2020); *Coho Licensing LLC v. Glam Media, Inc.,* 2017 WL 6210882, at \*7 (N.D. Cal. Jan. 23, 2017), *aff'd sub nom. Coho Licensing LLC v. Oath Inc.,* 710 Fed. Appx. 892 (Fed. Cir. 2018); *Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc.,* 365 F. Supp. 1199, 1200 (S.D.N.Y. 1973); *Petition of Larson,* 152 F. Supp. 252, 254 (E.D. Va. 1957), *aff'd sub nom. Larson v. United States,* 255 F.2d 166 (4th Cir. 1958); *Price v. Rosiek Const. Co.,* 509 F.3d 704,

7

709 (5th Cir. 2007); *Wong Gum v. McGranery*, 111 F. Supp. 114, 115 (N.D. Cal. 1953); *Bowen v. Celebrezze*, 250 F. Supp. 46, 47 (W.D. La. 1963); *Gilbertson v. Allied Signal, Inc.*, 2005 WL 8163839, at *7, n.12 (D.N.M. June 30, 2005).

## C. **DEFENDANTS CHALLENGE PLAINTIFF'S ELIGIBILITY**.

Plaintiff's claim of NCAA eligibility is denied, refuted and rebutted by Defendants in their Answer with Affirmative Defenses and Counterclaims. As Defendants are entitled to allege and advance evidence showing that Plaintiff was not an eligible "student-athlete" under the UAAA, this Court should grant Defendants' motions herein including Defendants' motion for leave to amend. See Mayfield v. National Association for Stock Car Auto Racing, Inc., 674 F3d 369, 378-379 (4th Cir. 2012) *citing* Matrix Capital Mgm't Fund, LP v. BearingPoint, Inc., 576 F3d 172, 192-193 (4th Cir. 2009); FRCP 15(a)(2).

Here, Defendants provided this Court with direct and analogous legal authority demonstrating that an agent seeking to avoid penalties for violation of the UAAA may raise the ineligibility of the athlete as an affirmative defense. See *Sloane v. Tennessee Dep't of State, Bus. Services Div.,* 2019 WL 4891262 (Tenn. Ct. App. Oct. 3, 2019); *Howard v. Mississippi Secretary of State,* 184 So. 3d 295 (Miss. Ct. App. 2015). The Court's January 20, 2021 Order makes no mention of these two cases which we ask this Court to reconsider as they are dispositive on the issue. See *Sloane v. Tennessee Dep't of State, Bus. Services Div.,* 2019 WL 4891262 (where agent appealed

8

disciplinary action for violating Tennessee's version of UAAA, appellate court held that "if an athlete agent recruits an individual who is not a student athlete then the act does not apply" and agent had right to raise this defense but agent failed to raise same at trial level); *Howard v. Mississippi Secretary of State,* 184 So. 3d 295, 300 (where agent appealed Mississippi Secretary of State's ruling finding him in violation of Mississippi's UAAA analogue, agent argued that Robinson was not student athlete as defined by the Act but untimely raised same for first time on appeal). It is well settled by the Courts in *Sloane and Howard* that an agent, like Defendants, has the right to raise the ineligibility of the alleged "student- athlete" as an affirmative defense notwithstanding any NCAA determination of eligibility.[2]

Moreover, Courts do not cede authority to the NCAA as "student-athletes" who have been declared ineligible by the NCAA can and routinely do sue the NCAA in Court in order to have that determination reversed. See *McAdoo v. Univ. of N.C. at Chapel Hill,* 736 S.E.2d 811, 818 (N.C. Ct. App. 2013); *Jones v. Nat'l Collegiate Athletic Ass'n,* 392 F. Supp. 295, 296 (D. Mass. 1975); *Buckton v. Nat'l Collegiate Athletic Assn.,* 436 F. Supp. 1258, 1259–60 (D. Mass. 1977); *Manuel v. Oklahoma City Univ.,* 833 P.2d 288, 292 (Okla. Civ. App. 1992). Had the eligibility determinations of the NCAA been binding on the Courts above, then none of the

---

[2] This Court may review the evidence surrounding Plaintiff's ineligibility as North Carolina's UAAA allows a Court to "reverse or modify a decision if the substantial rights of the petitioner may have been prejudiced because the findings, inferences, conclusions, or decisions are affected by other error of law or unsupported by substantial evidence." N.C. Gen. Stat. Ann. § 150B-51.

9

students who sued would have had any redress.

Therefore, this Court should grant Defendants' Rule 59(e) and Rule 15(a) motions in their entirety.

## II.   **THIS COURT SHOULD GRANT DEFENDANTS' RULE 60(b) MOTION.**

Defendants' motion to vacate the January 20, 2021 Partial Judgment should be granted based upon the newly discovered evidence that Plaintiff and/or his parents received improper monies and/or benefits from entities, including Adidas, when Plaintiff was a High School student that rendered him permanently ineligible to be a "student-athlete" long before he ever met the Defendants. Pursuant to FRCP 60(b)(2), Defendants are entitled to relief from the January 20, 2021 Partial Judgment based upon newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move under FRCP 59(b). See FRCP 60(b)(2); FRCP 59(b); Schultz v. Butcher, 24 F3d 626, 631 (4th Cir. 1994) *citing* Anderson v. Cryovac, Inc., 862 F.2d 910, 924 n. 10 (1st Cir.1988).

As detailed in Defendants' moving papers as well as in Defendants' proposed Amended Answer with Amended Affirmative Defenses and Amended Counterclaims, this newly discovered documentary evidence from Adidas, from Plaintiff's parents TD Bank Account statements and from Plaintiff's parents' Ashley Home Furniture Store Account, clearly demonstrate that Plaintiff and/or his parents/family took and received improper monetary benefits from Adidas while

10

Plaintiff was in High School including, but not limited to the following:

1. November 14, 2016 transfer of Four Hundred and Four Dollars, ($404.00);
2. February 14, 2017 transfer of One Thousand, One Hundred and Seven Dollars, ($1,107.00);
3. March 10, 2017 transfer of Five Hundred and Sixty Dollars, ($560.00);
4. April 12, 2017 transfer of Five Hundred and Sixty Dollars, ($560.00);
5. May 12, 2017 transfer of Five Hundred and Sixty Dollars, ($560.00)
6. July 10, 2017 transfer of One Thousand and Thirty Dollars, ($1030.00);
7. August 8, 2017 transfer of Three Hundred and Forty-Three Dollars, ($343.00);
8. August 10, 2017, transfer of One Hundred and Ten Dollars, ($110.00);
9. September 12, 2017, transfer of Eight Hundred Dollars, ($800.00);
10. Transfer of Three Thousand Dollars, ($3,000.00) per month to the Zion Williamson and/or his family for an unspecified period of time;
11. Transfer of One Thousand Dollars, ($1,000.00) to Zion Williamson and/or his family.

*Incorporated by reference as if more fully set forth at length herein is Defendants'*

*Exhibit "B" to Defendants' Rule 60(b) Motion to Vacate [DE 70(2), DE 71].*

In addition, Adidas consultant Daniel R. Cutler testified that on behalf of Adidas: he provided personal security guard(s) for Zion Williamson at an Adidas sponsored High School Basketball event; in 2016, Adidas paid for the personal airfare for Zion Williamson, Zion Williamson's mother, Zion Williamson's brother and Zion Williamson's stepfather; that Adidas provided/paid for hotel accommodations for Zion Williamson, Zion Williamson's parents and/or Zion Williamson's family, as well as,

11

Adidas providing to Plaintiff and his family other improper benefits. *Incorporated by reference as if more fully set forth at length herein is Defendants' Exhibit "C" to Defendants' Rule 60(b) Motion to Vacate [DE 70(3), DE 71].*

Further, documentary evidence demonstrates that Adidas paid monies to Plaintiff and/or his family through direct wire transfers from the account of Adidas executive Chris Rivers to the TD Bank account of Plaintiff's parents Lee and Sharonda Anderson when Plaintiff was a High School basketball player, to wit:

- December 21, 2016: $1,000

- January 30, 2017: $500

- February 24, 2017: $2,500

- March 22, 2021: $1,000

*Incorporated by reference as if more fully set forth at length herein is Defendants' Exhibit "D" to Defendants' Rule 60(b) Motion to Vacate [DE 70(4), DE 71].* Documentary evidence also demonstrates that Adidas executive Chris Rivers also made payments on/for/to Plaintiff's family's Ashley Furniture Homestores account on August 10, 2017 and September 12, 2017. See *Defendants' Exhibit "D" to Defendants' Rule 60(b) Motion to Vacate [DE 70(4), DE 71].*

It is significant to note is that neither Plaintiff nor his parents refute or deny receiving any of the foregoing improper monies or benefits from Adidas. This newly discovered evidence of the improper and prohibited monetary payments and other

benefits made by Adidas to Plaintiff and/or his family, in addition to the all of other detailed improper benefits and/or monies they received, demonstrates that Plaintiff does not meet the statutory definition of a "student-athlete" as defined by the UAAA. This newly discovered evidence clearly demonstrates that Plaintiff was rendered permanently ineligible to be a "student-athlete" long before he ever entered Duke University and long before he ever had any contact with the Defendants.

Defendants are allowed to and, in fact, do challenge and contest Plaintiff's eligibility to be a "student-athlete" under the UAAA, and as this Court has the authority to examine and adjudicate Plaintiff's ineligibility herein and is not bound by the NCAA, this Court must consider this newly discovered evidence. Based upon this newly discovered and unrefuted evidence, Plaintiff was not a "student-athlete" as defined by the UAAA, is not afforded any protection under the UAAA, and the parties' April 20, 2019 Contract is valid and enforceable. Therefore, this Court should vacate the January 20, 2021 Partial Judgment pursuant to FRCP 60(b)(2). See *Jenkins v. Allied Interstate, Inc.,* 2009 WL 3157399; *Zinkand v. Brown,* 478 F3d 637; *Ackerman v. United States,* 340 US 202; *Anderson v. Cryovac, Inc.,* 862 F.2d 924 n. 10; *Freedom, N.Y., Inc. v. United States,* 438 F.Supp.2d 457, 462-63.

## **CONCLUSION**

Based upon the foregoing, Defendants' respectfully request this Court grant their Motions in their entirety and for such other and further relief as this Court

13

deems just and proper.

Dated: June 11, 2021

/s/ Willie E. Gary
WILLIE E. GARY, ESQ.
GARY, WILLIAMS, PARENTI, WATSON
& GARY, PLLC
Attorneys for Defendants/Counter-Plaintiffs
PRIME SPORTS MARKETING, LLC
and GINA FORD
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260
weg@williegary.com
*Local Rule 83.1(d) Special Appearance

/s/ Alvin L. Pittman
ALVIN L. PITTMAN, ESQ.
(N.C. Bar No. 8460)
Law Offices of Alvin L. Pittman
Attorneys for
Defendants/Counter-Plaintiffs
PRIME SPORTS MARKETING, LLC
and GINA FORD
Airport Center Building
5901 W Century Boulevard, Suite 412
Los Angeles, California 90045
(310) 337-3077
(310) 337-3080(fax)
office@apittman-law.com

14

/s/ Stephen L. Drummond
Stephen L. Drummond*
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants/Counter-Plaintiffs
PRIME SPORTS MARKETING, LLC
and GINA FORD

175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050
Fax: (718) 298-5554
sdrummond@dswinlaw.com
*Local Rule 83.1(d) Special Appearance




/s/ JoAnn Squillace
JoAnn Squillace*
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants/Counter-Plaintiffs
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050
Fax: (718) 298-5554
jsquillace@dswinlaw.com
*Local Rule 83.1(d) Special Appearance

15

## LR 7.3(d)(1) Word Count
## Certification

I hereby certify that this brief contains 3,121 words as reported by

Microsoft Word count feature and is in compliance with Local Rule 7.3(d)(1).

Respectfully submitted,

By: /s/ Willie E. Gary

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No.: 1:19-cv-00593-LCB-JLW

ZION WILLIAMSON,

      Plaintiff/Counter-Defendant

      v.

PRIME SPORTS MARKETING,
LLC, and GINA FORD,

      Defendants/Counter-Plaintiffs.

---

## DEFENDANTS' REPLY MEMORANDUM

---

**GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC**
21 E. Osceola Street
Stuart, Florida 34994-2213
(772) 283-8260; (772) 220-3343(fax)

**LAW OFFICE OF ALVIN L. PITTMAN**
Airport Center Building
5901 W. Century Blvd., Suite 412
Los Angeles, California 90045
(310) 337-3077; (310) 337-3080(fax)

**DRUMMOND & SQUILLACE, PLLC**
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050; (718) 298-554(fax)

*ATTORNEYS FOR DEFENDANTS/COUNTER-PLAINTIFFS*
*PRIME SPORTS MARKETING, LLC AND GINA FORD*