IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No.: 1:19-cv-00593-LCB-JLW

| | |
|---|---|
| ZION WILLIAMSON,<br><br>**Plaintiff,**<br><br>v.<br><br>PRIME SPORTS MARKETING, LLC and GINA FORD,<br><br>**Defendants.** | **PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LIMITED MODIFICATION TO SCHEDULE** |

      This Court recently granted an extension of the date for completing the depositions in this case to December 20, 2021, but admonished that "the parties shall not anticipate any further extension of said deadlines in this matter.*"* ECF No. 85 (Oct. 6, 2021). Defendants Prime Sports Marketing and Gina Ford (collectively, "Prime Sports") nonetheless are asking this Court for yet another extension, following their election not to proceed with the depositions of nonparty Creative Artists Agency ("CAA") and two of its employees, Austin Brown and Lisa Joseph-Metelus, on the dates on which Prime Sports had subpoenaed CAA and its employees to appear.

      This Court should deny Prime Sports' request. Prime Sports has already delayed discovery and should not be permitted to delay it even further. Prime Sports' failure to timely notice depositions before the original September 30, 2021 discovery deadline contained in the Court's Scheduling Order (ECF No. 61) necessitated the prior request for an extension. Not only has Prime Sports failed to show good cause for yet another

extension, such an extension would unduly burden the nonparty witnesses and delay the resolution of this matter, which Plaintiff Zion Williamson has diligently pursued.

## I. FACTS

On March 12, 2021, the parties agreed to a discovery schedule filed in the Joint Rule 26(f) Report (ECF No. 59), which divided the case into two phases (the first addressing liability; the second damages). The schedule entered by the Court required fact discovery for this phase to be completed by September 30, 2021. Mr. Williamson diligently worked to comply with that schedule. Mr. Williamson served deposition notices for Defendants Gina Ford and Prime Sports Marketing, LLC on September 10, 2021 for September 29 and 30, 2021, respectively. Declaration of Zachary A. Schreiber, Esq. ("Schreiber Decl."), Exs. 1 & 2. Prime Sports' counsel responded that they had no availability between September 10, 2021 and October 18, 2021, and asked Mr. Williamson to propose alternative dates. Schreiber Decl. Ex. 4 at 13-15.

On September 17, 2021, the parties began discussing a short extension of the discovery period to accommodate Prime Sports' schedule, solely for purposes of Mr. Williamson conducting the two depositions that were timely noticed. That day, Prime Sports—having already represented that its attorneys were unavailable for *any* depositions prior to the then-scheduled close of discovery—informed Mr. Williamson's counsel for the first time that they wanted to schedule a deposition of Mr. Williamson, as well as his mother and stepfather, who are not parties to this action. Schreiber Decl. Ex. 4 at 13. Several hours later, Prime Sports served a notice for Mr. Williamson's deposition

- 2 -

Case 1:19-cv-00593-LCB-JLW   Document 92   Filed 11/05/21   Page 2 of 10

for September 29, 2021: *the same day* on which Prime Sports' counsel had represented that they were unavailable for Ms. Ford's deposition. Schreiber Decl. Ex. 3.

On September 21, 2021, Prime Sports' counsel informed Mr. Williamson's counsel by phone that they also wished to take the depositions of nonparties CAA and Lisa Joseph-Metelus. *See* Schreiber Decl. Ex. 4 at 11. On September 22, 2021, Prime Sports added another request for the deposition of nonparty Austin Brown (Prime Sports' fifth nonparty deposition request in the final two weeks of the original discovery period), and proposed conducting the three CAA depositions between November 2 and 5. Schreiber Decl. Ex. 4 at 11-12. To underscore the point, the dates for the CAA depositions at issue in the instant motion, are the dates requested *by Prime Sports*.

Following substantial correspondence and significant expenditures of time to accommodate various scheduling conflicts, and notwithstanding Prime Sports' belated requests for multiple nonparty depositions, the parties agreed to a deposition schedule that completed discovery by December 20, 2021. Schreiber Decl. Ex. 4 at 1-10. On October 8, 2021, the last day to serve subpoenas to nonparties under the amended case schedule, Prime Sports served deposition subpoenas to nonparties CAA, Mr. Brown, and Ms. Joseph-Metelus. The depositions of Mr. Brown, Ms. Joseph-Metelus, and CAA were therefore set for November 3, 4, and 5, respectively. *Id*.

This Court granted the joint motion for an extension, but stated: "FURTHER, in considering the time needed to rule on dispositive motions, the potential need for Phase II discovery, and the Court's discretion to effectively manage its docket, *the parties shall*

- 3 -

Case 1:19-cv-00593-LCB-JLW   Document 92   Filed 11/05/21   Page 3 of 10

*not anticipate any further extension of said deadlines in this matter."* ECF No. 85 (Oct. 6, 2021) (emphasis added).

Notwithstanding this admonition to the parties, on October 19, 2021, Prime Sports' counsel Alvin Pittman stated during a meet-and-confer regarding the topics for the Rule 30(b)(6) deposition of CAA that he might no longer be available on the noticed dates. Affidavit of Alvin L. Pittman, ECF No. 90-1 ¶ 3.[1] On October 20, 2021, Prime Sports' counsel followed up with a limited number of proposed alternate dates. Schreiber Decl. Ex. 5 at 8. Prime Sports' counsel did not offer an explanation as to why none of the attorneys for Prime Sports was able to take the depositions instead of Mr. Pittman. These depositions had been noticed to occur in person, with the potential for them to be scheduled via video conference if needed. Therefore, the inability to travel for the depositions should not have been a barrier for Prime Sports' counsel.

Mr. Williamson's counsel spoke with CAA about the possibility of rescheduling the depositions, but the nonparties were unable to accommodate Prime Sports' proposed alternate dates. Mr. Williamson's counsel notified Prime Sports' counsel on October 22 and October 24, 2021 that, due to the nonparties' scheduling conflicts and the fact that some of the alternate dates proposed by Prime Sports were dates on which the depositions of other witnesses were already scheduled, Mr. Williamson's counsel and the nonparty witnesses intended to proceed with the depositions as originally scheduled. Schreiber

---

[1] The Affidavit of Alvin Pittman filed as ECF No. 90-1 contains two paragraphs identified as ¶ 3. This reference is to the first paragraph 3.

Decl. Ex. 5 at 5-7. Prime Sports then filed this motion. Despite representing to Mr. Williamson's counsel and the Court that Prime Sports' counsel was unavailable, and not knowing how the Court would rule on their motion, Prime Sports' counsel refused to confirm to Mr. Williamson's counsel that they were not proceeding with the CAA depositions. Schreiber Decl. Ex. 5 at 1-5.

Prime Sports' present motion—filed a full week after Prime Sports received notice that CAA's witnesses and counsel were unable to rearrange the depositions, and less than three business days before the depositions were scheduled to commence—asks this Court to delay the discovery deadline by an additional 45 days.

## II.     ARGUMENT

Prime Sports has wholly failed to show good cause for yet another extension, particularly in light of this Court's admonition that the prior extension would be the last. "[D]istrict courts enjoy nearly unfettered discretion to control the timing and scope of discovery." *Ashland Facility Operations, LLC v. N.L.R.B.*, 701 F.3d 983, 994 (4th Cir. 2012) (internal quotation marks omitted). On October 6, 2021, this Court informed the parties that no further extensions of this phase of discovery would be appropriate, given the Court's need to manage its own docket. ECF No. 85 ("the parties shall not anticipate any further extension of said deadlines in this matter"). There is no reason for the Court to reconsider its position.

This Court has consistently shown respect for discovery deadlines and rejected motions to extend those deadlines when the requesting party cannot show that they have

been proceeding with diligence. *See, e.g., Qayumi v. Duke Univ.*, 2017 WL 6626193, at *3 (M.D.N.C. Dec. 28, 2017) ("Deadlines are in place for a reason and they are relied upon by the parties and the Court to move a case efficiently and fairly towards final resolution"); *Alston v. Becton, Dickinson & Co.*, 2014 WL 338804, at *3 (M.D.N.C. Jan. 30, 2014) ("[A] party who waits until the last minute to pursue discovery has not shown good cause to extend discovery."); *Miller v. Transcend Servs., Inc.*, 2013 WL 1632335, at *2 (M.D.N.C. Apr. 16, 2013) ("[T]he touchstone of 'good cause' under [Federal] Rule [of Civil Procedure] 16(b) is *diligence*"). Prime Sports' motion offers only the most threadbare justification for rescheduling the depositions set on dates *they themselves proposed*. Mr. Pittman's affidavit lacks supporting details, such as the jurisdiction, judge, case name and number, and court order for his case, and why all of Prime Sports' other counsel were unable to take the depositions on the dates noticed.

Rule 45(d) also requires parties and their attorneys to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Prime Sports' attempt to reschedule these nonparty depositions three business days before they were set to commence imposes undue burden and expense on CAA, Mr. Brown, and Ms. Joseph-Metelus. This is particularly true because the nonparties already made a good faith effort to accommodate untimely demands, and CAA expended significant time and expense rearranging Mr. Brown's and Ms. Joseph-Metelus's travel and work schedules to make them available for November 3 through 5. CAA also offered (at its expense) for Mr. Brown, who lives in Chicago, to travel to Los Angeles (where Ms. Joseph-Metelus

- 6 -

Case 1:19-cv-00593-LCB-JLW   Document 92   Filed 11/05/21   Page 6 of 10

and CAA are located) so that the depositions of the CAA nonparty witnesses could be conducted on consecutive days in the same city.

Prime Sports' motion fits a pattern of delays that have already imposed unnecessary costs on Mr. Williamson and nonparty witnesses. Prime Sports waited until two weeks before the close of fact discovery for this phase of the case to notice any depositions at all, and then sought multiple depositions (including *five* depositions of nonparties), despite the fact that Prime Sports' counsel claimed that no attorney was available on any date during the discovery period. Prime Sports has further complicated matters by providing limited options for deposition dates in conjunction with this most recent request to reschedule. Prime Sports' behavior suggests that their actual motive is simply to delay resolution of this matter. Indeed, Prime Sports' recent motion dated October 15, 2021 (ECF. No. 86), seeking an early certification of appeal under Rule 54(b), specifically asks the Court to stay proceedings during this process. This motion appears to be a roundabout way to achieve a further delay in proceedings.

Mr. Williamson opposes any further delay and simply seeks to enforce the deadline this Court already set. The Court's Order of October 6, 2021, put Prime Sports on notice that the Court was unlikely to approve further discovery extensions. (ECF No. 85.) Prime Sports knew on October 22, 2021, that CAA, Mr. Brown, and Ms. Joseph-Metelus would be unavailable on the limited alternate dates that Prime Sports had proposed. Schreiber Decl. Ex. 5 at 6-7. Prime Sports knew that CAA, Mr. Brown, and Ms. Joseph-Metelus were ready and willing to appear for their depositions on the noticed

dates. Schreiber Decl. Ex. 5 at 3-5. And Prime Sports knew that Mr. Williamson would oppose a further extension of the discovery period. Schreiber Decl. Ex. 5 at 3. Nevertheless, at the last minute, Prime Sports cancelled the third-party depositions. In doing so, they bore the risk that this Court would enforce its deadline and that they would therefore be unable to depose those non-party witnesses. There is no basis for excusing Prime Sports from the natural consequence of their own choices. Enough is enough.

## III. CONCLUSION

For the above reasons, this Court should deny Defendants' Motion for Limited Modification of Schedule.

*[Signatures Follow]*

Dated: November 5, 2021

/s/ John R. Wester
John R. Wester
N.C. Bar No. 4660
jwester@robinsonbradshaw.com

Robert E. Harrington
N.C. Bar No. 26967
rharrington@robinsonbradshaw.com

Fitz E. Barringer
N.C. Bar No. 42679
fbarringer@robinsonbradshaw.com

**Robinson, Bradshaw & Hinson, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000


Jeffrey S. Klein*
jklein@cgr-law.com

CLARICK GUERON REISBAUM LLC
220 Fifth Avenue, 14th Floor
New York, New York 10001
Telephone: (646) 398-5071

Zachary D. Tripp*
zack.tripp@weil.com

WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, D.C. 20036
Telephone: (202) 682-7220

Lauren E. Richards*
lauren.richards@weil.com

Zachary Schreiber*
zach.schreiber@weil.com

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8591

Edward Soto*
edward.soto@weil.com

Pravin R. Patel*
pravin.patel@weil.com

WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3177

\* Local Rule 83.1(d) Special Appearance

*Attorneys for Plaintiff*

- 9 -

Case 1:19-cv-00593-LCB-JLW   Document 92   Filed 11/05/21   Page 9 of 10

## L.R. 7.3(d)(1) Word Count Certification

I hereby certify that this brief contains 1,894 words as reported by Microsoft Word's word-count feature and is in compliance with Local Rule 7.3(d)(1).

/s/ John R. Wester
John R. Wester
