# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

## CASE NO. 1:19-CV-593-LCB-JLW

-------------------------------------------------------------X

ZION WILLIAMSON,

       Plaintiff/Counter-Defendant,

v.

PRIME SPORTS MARKETING, LLC and
GINA FORD,

       Defendants/Counter-Plaintiffs.

-------------------------------------------------------------X

## DEFENDANTS' REPLY MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO CERTIFY JUDGMENT ON THE PLEADINGS, ORDER FOR APPEAL AND TO STAY PROCEEDINGS

PRIME SPORTS MARKETING, LLC and GINA FORD ("Defendants"),

pursuant to Fed. R. Civ. P. 54(b), by and through undersigned counsel, file their

Reply Memorandum in Reply to Plaintiff's Opposition to Defendants' Motion to

Certify Judgment on the Pleadings or for Appeal and to Stay Proceedings, and in

further support of Defendants' Motion to Certify and herein state:

### 1. PLAINTIFF'S COUNSEL'S *AD HOMINEM* ATTACKS ON COUNSEL ARE UNFOUNDED AND IMPROPER.

Plaintiff's counsel seems to be incapable of making argument in this case

without resorting to unfounded and improper *ad hominem* attacks on Defendants'

counsel. We have, to this point, ignored these attacks, but Plaintiff's counsel's latest

accusations require a direct response.

The conduct alleged by both parties in this case can be considered "unscrupulous." Characterizing such conduct in this manner is within the bounds of zealous advocacy. However, Plaintiff's counsel's attacks don't stop at the water's edge. Instead, they repeatedly accuse Defendants' counsel of acting in bad faith, harassment and circumventing this Court's authority. These statements are unprofessional, derogatory, and false, and they should be stopped.

In response to our motion for leave to amend the pleadings, Plaintiff's counsel accused Defendants' counsel of aiming to "embarrass and harass Mr. Williamson and his family." [DE58 at 2] They further accused counsel of acting in "bad faith" by attempting "to use their second-filed Florida Action to circumvent this Court's ruling." [DE58 at 9]. In Plaintiff's latest filing, Plaintiff's counsel accuses Defendant's counsel of engaging in "gamesmanship", "forum shop[ping]," acting in "bad faith," and efforts "to circumvent this Court' authority". [DE91 at 3, 12, 14, 15] They conclude their response as follows:

> "Prime Sports' effort to evade this Court's jurisdiction is even more inequitable because they did not even inform this Court of the pending lift-stay motion in Florida, and thus did not inform this Court of the effect and apparent purpose of granting the relief they seek. There is no sound basis for rewarding such unscrupulous litigation conduct."
[DE91 at 16].

What is the heinous act committed by Defendants' counsel that merits these repeated aspersions? Not informing the Court that Defendants had requested lifting

the stay in the Florida lawsuit? As Plaintiff's counsel notes, however, Plaintiff has been dismissed from the Florida lawsuit. [DE91 at 15]. Because Plaintiff is no longer a party to that case, there is no longer a basis for the stay. As the Court is well aware, without the identity of parties, findings from this case will not constitute res judicata or collateral estoppel in the Florida action. As explained in *Brown v. State*, 397 So. 2d 320, 322 (Fla. 2d DCA 1981), "Res judicata applies only to bar a second suit between the same parties based on the same cause of action" and collateral estoppel only applies "where the parties are identical and the issues sought to be estopped have been fully litigated."

These are now separate lawsuits, involving separate parties, alleging separate acts. Indeed, Williamson opposed the section of Defendants' motion to dismiss suggesting that the Florida Defendants, CAA and Lisa Metelus, were indispensable parties that should be joined in this case. And this Court agreed with Plaintiff. [DE31 at 4]. After having prevailed on the argument that CAA and Metelus were not indispensable parties for this case, Plaintiff's counsel now insists that these cases are so intertwined that Defendants may not take any action in the Florida case without notifying this Court. Counsel further argues that seeking to lift the stay in the Florida action now that the Plaintiff is no longer a party is somehow inconsistent with seeking to stay this case pending an appeal of this Court's ruling on the enforceability of the contract. Clearly, they are not.

More importantly, these two procedural requests do not constitute bad faith, gamesmanship, forum shopping, or an attempt to circumvent this Court's authority. They are wholly benign and appropriate efforts to advocate for our clients, and undersigned counsel would respectfully request that this Court acknowledge as much, regardless of which way the Court rules on Defendants' motion.

As Note 10 to the North Carolina Rules of Professional Conduct 3.5 explains:

> "As professionals, lawyers are expected to avoid disruptive, undignified, discourteous, and abusive behavior. Therefore, the prohibition against conduct intended to disrupt a tribunal applies to conduct that does not serve a legitimate goal of advocacy or a requirement of a procedural rule and includes angry outbursts, insults, slurs, personal attacks, and unfounded personal accusations as well as to threats, bullying, and other attempts to intimidate or humiliate judges, opposing counsel, litigants, witnesses, or court personnel. Zealous advocacy does not rely upon such tactics and is never a justification for such conduct. This conduct is prohibited both in open court and in ancillary proceedings conducted pursuant to the authority of the tribunal (e.g., depositions). See comment [11], Rule 1.0(n). Similarly, insults, slurs, threats, personal attacks, and groundless personal accusations made in documents filed with the tribunal are also prohibited by this Rule. "Conduct of this type breeds disrespect for the courts and for the legal profession. Dignity, decorum, and respect are essential ingredients in the proper conduct of a courtroom, and therefore in the proper administration of justice." *Atty. Grievance Comm'n v. Alison*, 565 A.2d 660, 666 (Md. 1989). See also Rule 4.4(a) (prohibiting conduct that serves no substantial purpose other than to embarrass, delay, or burden a third person) and Rule 8.4(d) (prohibiting conduct prejudicial to the administration of justice)."

Plaintiff's counsel's repeated and baseless accusations of bad faith conduct are violative of this rule, and we respectfully request that this Court instruct counsel for the Plaintiff to cease levying improper *ad hominem* attacks against Defendants'

counsel in all future documents filed in this case or to impose proper sanctions upon Plaintiff's counsel herein.

## 2. DEFENDANTS DID NOT DELAY THE FILING OF THEIR MOTION TO CERTIFY THE ORDER FOR APPEAL.

Plaintiff's counsel chastises us for waiting "nine months from entry of the January Order to request final judgment under Rule 54(b) so they could appeal that order." [DE91 at 8] This argument is without merit. Requesting entry of final judgment after the January order would have been premature. First, Defendants believe that the Order contained argument that had not been raised until Plaintiff's reply memorandum and we had thus not had an opportunity to respond to it. Second, Defendants were required to seek leave to amend their pleadings at that time or Defendants would have waived their ability to do so had Defendants sought entry of a final judgment at that time. Finally, as practical matter, it is always preferable to resolve matters in the District Court when possible, rather than prematurely involving the appellate court. Here, Defendants availed themselves of the procedural methods available to them under the Rules of Civil Procedure. Once this Court denied our motions, we timely and expeditiously filed our motion for entry of final judgment and certification for appeal.

In support of his argument that Defendants acted in a dilatory manner, Plaintiff cites to *Bank of New York v. Hoyt,* 108 F.R.D. 184 (D.R.I. 1985). However, Plaintiff uses the cited quotes from *Hoyt* out of context. In *Hoyt*, the plaintiff

objected to the defendant's motion to certify the judgment for appeal as untimely because it was filed more than 30 days after the order was entered. The District Court rejected its argument and explained as follows:

> "This court eschews any such inflexible criterion. Rule 54(b), unlike a myriad of other provisions in the civil rules, *e.g.,* Fed.R.Civ.P. 59(b), 59(e), 72(a), 74(a), contains no express temporal restrictions. To be sure, the longer an aggrieved party waits after receiving notice of the court's ruling, the less likely it will be—in the typical case—that he can persuade the nisi prius court that there is, in the language of the rule, "no just reason for delay." (After all, such thumb-twiddling is itself some evidence that the disappointed suitor considers delay in seeking appellate review to be a tolerable circumstance.) Yet, though the seasonableness of an effort to obtain Rule 54(b) certification is certainly a factor to be weighed in the mix, it should not be accorded talismanic importance. In the absence of a fixed time limit for taking action, it seems prudent for the court to assess the timeliness of such an initiative on a case-by-case basis. The court, therefore, treats the instant motion as timely."

*Hoyt* at 185-186.

As explained above, Defendants first sought relief from this Court before seeking certification of the order for appellate review. Plaintiff has cited no authority suggesting that first seeking relief from the trial court constitutes "thumb twiddling." In any event, such a holding would discourage parties from utilizing the procedural methods available to both parties to review orders of the district courts, by creating a Hobbesian choice between seeking immediate certification for appeal or risking the ability to do so by seeking further review from the District Court. Defendants' instant motion for entry of final judgment was indisputably timely.

### 3. PLAINTIFF'S ANALYSIS OF THE *BRASWELL* FACTORS IS NOT SUPPORTED BY THE FACTS.

Plaintiff makes a handful of assertions in his response that are either legally inaccurate or unsupported by the facts. First, Plaintiff states that "the remaining unjust enrichment counterclaim is closely related to the contract between Mr. Williamson and Prime Sport." [DE 91 at 9]. Plaintiff raises this argument to suggest that the Defendants' remaining claims are somehow intertwined with the contract claim that has been dismissed as a result of the Court's order. But in the parenthetical to the very case he cites for this proposition, *Booe v. Shadrick*, 322 NC 567 (1988), he correctly states the law on unjust enrichment - "if there is a contract between the parties, the contract governs the claims and the law will imply a contract." In other words, **the contract claim and the unjust enrichment claim cannot be intertwined because they are mutually exclusive - the viability of the unjust enrichment claim depends on the finding of no contract.**

Plaintiff next states that "certification would create the potential that the reviewing court might be obliged to consider the same issue a second time." [DE91 at 10]. Plaintiff offers no explanation as to how that might occur, because it cannot. The issue on Appeal would be a pure question of law as to whether a party could challenge the applicability of the UAAA to a contract using extrinsic evidence. No facts revealed during future discovery could have any impact on that ruling. A ruling in the Defendants' favor would simply provide them the opportunity to prove the

validity of the contract. There are no circumstances in which that question would or could arise in a subsequent appeal in this case.

Plaintiff argues that a single appeal is preferable to the "piecemeal approach" he claims the Defendants now advance, is based on the presumptuous notion that Plaintiff will prevail at summary judgment. Should he not prevail, the alternative outcome is two separate trials, rather than a single trial that resolves all issues. By seeking the certification for appeal, Defendants seek to avoid such unnecessary judicial labor.

Finally, Plaintiff misapprehends our argument regarding the potential for settlement. Under the current procedural posture, in order to preserve their ability to appeal the Court's ruling with respect to the enforceability of the contract, the Defendants would have no choice but to try all claims to completion. Thus, the current procedural posture acts as a disincentive to settlement. If, however, the Defendants prevailed on appeal, they would be free to pursue settlement without any risk of a waiver of claims. The cases cited in our initial motion stand for the proposition that the Court can and should consider the potential for the facilitation of a settlement as one of the factors in favor of granting this motion. [DE90 at 8].

### 4. THE STANDARD CITED BY THE PLAINTIFF IS INAPPLICABLE TO THE DEFENDANTS' REQUEST FOR STAY.

Plaintiff cites to *Nken v. Holder*, 556 U.S. 418 (2009), in support of his argument that Defendants have not met the standard to support a request for a stay.

*Nken*, however, sets forth the standard the *appellate court* applies when considering a request to stay enforcement of an order that a party is seeking review from. *Nken* does not discuss the standard a *district court* must apply, nor does it have any applicability to Rule 54(b) motions for entry of final judgment.

Instead, as set forth in our initial motion, the decision to stay the case after certifying an order for appeal is a discretionary one and may be made if the court determines that a stay is in the interest of judicial economy. *See Hudson Ins. Co. v. Miller*, 215CV00349GMNCWH, 2016 WL 8709994, at *3 (D. Nev. Dec. 16, 2016); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, No. 12-0515, 2013 WL 5882749 *7 (D. Nev. Oct. 29, 2013) (Rule 54(b) certification was accompanied by a stay of proceedings pending appeal; "the Court finds a stay the most prudent use of judicial resources"); and *Doe v. Univ. of California*, No. 92-2284, 1993 WL 361540, at *2 (N.D. Cal. Sept.2, 1993) ("If a district court certifies claims for appeal pursuant to Rule 54(b). it should stay all proceedings on the remaining claims if the interests of efficiency and fairness are served by doing so.").

## CONCLUSION

Based on our initial motion and the foregoing reply, Defendants respectfully request that the Court amend the Memorandum Opinion and Order entered on January 20, 2021, (ECF No. 49), and the Memorandum Opinion and Order entered on September 15, 2021 (ECF No. 83), to certify them as a final judgment for

immediate Appeal pursuant to Rule 54(b), and to stay further proceedings in this

matter pending the appellate disposition of the Judgment on the Pleadings Order.

Dated this 19th day of November 2021.

/s/ Willie E. Gary
WILLIE E. GARY, ESQ.
GARY, WILLIAMS, PARENTI, WATSON
& GARY, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260
weg@williegary.com
*Local Rule 83.1(d) Special Appearance*

/s/ Alvin L. Pittman
ALVIN L. PITTMAN, ESQ.
(N.C. Bar No. 8460)
office@apittman-law.com
Law Offices of Alvin L. Pittman
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
Airport Center Building
5901 W Century Boulevard, Suite 412
Los Angeles, California 90045
(310) 337-3077
(310) 337-3080(fax)

/s/ Stephen L. Drummond
Stephen L. Drummond*
sdrummond@dswinlaw.com
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050
Fax: (718) 298-5554
*Local Rule 83.1(d) Special Appearance

/s/ JoAnn Squillace
JoAnn Squillace*
jsquillace@dswinlaw.com
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050
Fax: (718) 298-5554
*Local Rule 83.1(d) Special Appearance

## LR 7.3(d)(1) Word Count Certification

I hereby certify that this brief contains 2315 words as reported by Microsoft

Word count feature and is in compliance with Local Rule 7.3(d)(1).

Respectfully submitted,

By: /s/ Willie E. Gary