IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No.: 1:19-cv-00593-LCB-JLW

| | |
|---|---|
| ZION WILLIAMSON,<br><br>**Plaintiff,**<br><br>v.<br><br>**PRIME SPORTS MARKETING, LLC** and **GINA FORD**,<br><br>**Defendants.** | **PLAINTIFF'S SUBMISSION IN RESPONSE TO DEFENDANTS' MOTION TO SEAL** |

Plaintiff Zion Williamson ("Mr. Williamson") rejects the sweeping efforts by Defendants to seal the entirety of Defendants' Motion for Summary Judgment (ECF No. 115), as well as all of the documents, exhibits, and transcripts in support thereto. Mr. Williamson asserts that only a limited, narrow group of documents require sealing or substantive redaction. Pursuant to Local Rules 5.4(c)(3) and 5.4(c)(4)(b), Mr. Williamson submits this brief in response to Defendants' Motion to Seal requesting that the Court permit the permanent sealing of certain confidential and sensitive information contained in the Memorandum of Law, Statement of Facts, and exhibits filed in support of Defendants' Motion for Summary Judgment (ECF No. 115). The location of the publicly filed versions of these confidential and sensitive exhibits and the location for the versions filed under temporary seal are set forth below.

# ARGUMENT

There are four categories of documents at issue in Defendants' Motion to Seal, including references to those documents in the Memorandum of Law and Statement of Facts filed in support of Defendants' Motion for Summary Judgment.[1] First, as set forth in Mr. Williamson's Motion to Seal (ECF Nos. 113 and 114), Mr. Williamson seeks to seal or redact certain endorsement contracts, confidential and sensitive business communications regarding the pursuit and negotiation of those contracts, as well as his representation agreements with CAA. Second, Mr. Williamson seeks to seal certain confidential portions of the deposition transcripts filed by Defendants that refer to confidential exhibits or other information. Third, Mr. Williamson agrees to the public filing of certain materials, subject to the redaction of certain immaterial personal or sensitive information pursuant to Local Rule 5.4(a)(3). Finally, Mr. Williamson takes no position as to the remaining exhibits that Prime Sports seeks to seal but which do not contain the personal or confidential information of Mr. Williamson, Mr. or Mrs. Anderson, or Creative Artists Agency ("CAA").

---

[1] The public version of the Memorandum of Law in Support of Defendants' Motion for Summary Judgment with proposed redactions is filed at ECF No. 123, and the sealed version is filed at ECF Nos. 117-2 and 125. The public version of the Statement of Facts in Support of Defendants' Motion for Summary Judgment is filed at ECF No. 124, and the sealed version is filed at ECF Nos. 117-3 and 126. Plaintiff has moved to strike Defendants' Memorandum of Law and Statement of Facts. (ECF No. 128). If the Court grants Plaintiff's Motion to Strike, Plaintiff requests that the all exhibits cited in Defendants' Memorandum of Law and Statement of Facts remain under seal due to their mootness.

Defendants' Motion to Seal also seeks to redact certain confidential portions of Defendants' Memorandum of Law and Statement of Facts. In the event the Court rejects as overbroad the redactions to both documents that Defendants have proposed, and to the extent those documents are not otherwise striken from the record, Plaintiff requests the opportunity to propose limited redactions to such documents to redact only the information contained in the confidential documents listed in this submission.

**1. Document Mr. Williamson Seeks to Seal**

For the reasons set forth in Mr. Williamson's Brief in Support of his Motion to Seal (the "Sealing Brief") (ECF No. 114 at 4-6), Mr. Williamson seeks to permanently seal his endorsement contracts with six brands and his two representation agreements with CAA.

| **Exhibit No.** | **ECF No. Public** | **ECF No. Sealed** | **Entity** | **Confidentiality Provision** |
|---|---|---|---|---|
| Squillace Ex. CC | 116-12 | 121-29 | NBA 2K | Paragraph 16 |
| Squillace Ex. CC | 116-12 | 121-29 | Apple/Beats by Dre | Paragraph 1 |
| Squillace Ex. CC | 116-12 | 121-29 | Fanatics | Paragraph 12 |
| Squillace Ex. CC | 116-12 | 121-29 | Gatorade | Paragraph 21 |
| Squillace Ex. CC | 116-12 | 121-29 | Mercedes-Benz | Addendum |
| Squillace Ex. CC | 116-12 | 121-29 | Panini | Paragraph 7 |
| Squillace Ex. EE | 116-15 | 121-31 | CAA[2] | Paragraph 10 |

Mr. Williamson also seeks to protect—through limited redactions of a small number of documents and references to those documents in Defendants' Memorandum of Law and Statement of Facts—communications related to the negotiation of his endorsement contracts. The subject communications are identified in the following chart and contain negotiations of confidential and sensitive deal terms, some of which were ultimately incorporated into the executed confidential endorsement contracts, or confidential business information developed in connection with his endorsement contract. Mr. Williamson's Sealing Brief (at 7-9) and the Declaration of Niloofar Bina Shepherd,

---

[2] Mr. Williamson's representation agreement with CAA was produced with redactions of highly competitive financial terms that are immaterial to the claims at issue in this action. Mr. Williamson seeks to seal the entirety of the document filed in support of Defendants' Motion for Summary Judgment.

Esq. (the "Shepherd Declaration") (ECF No. 113-1) identify the legal and factual reasons why sealing these communications is appropriate. Mr. Williamson has submitted proposed redacted versions of these exhibits with this submission, which also include redactions of immaterial personal information pursuant to Local Rule 5.4(a)(3).

| **Exhibit No.** | **ECF No. Public** | **ECF No. Sealed** | **ECF No. Proposed Redaction** | **Description and Confidentiality Basis** |
|---|---|---|---|---|
| Squillace Ex. B | 116-10 | 121-2 | 134-5 (Highlighted) <br><br> 135-5 (Redacted) | Redaction of reference to Williamson's confidential endorsement compensation; redaction of reference to confidential creative materials in connection with execution of Williamson's endorsement contract with Beats |
| Squillace Ex. R | [3] | 121-18 | 134-1 (Highlighted) <br><br> 135-1 (Redacted) | Redaction of reference to confidential endorsement information |
| Squillace Ex. MM | 116-26 | 121-39 | 134-2 (Highlighted) <br><br> 135-2 (Redacted) | Confidential and sensitive negotiations for Williamson's Gatorade endorsement contract; confidential information regarding negotiations for Williamson |
| Squillace Ex. QQ | 116-33 | 121-45 | 134-3 (Highlighted) <br><br> 135-3 (Redacted) | Confidential creative materials in connection with execution of Williamson's endorsement contract with Beats |
| Squillace Ex. RR | 116-35 | 121-43 | 134-4 (Highlighted) <br><br> 135-4 (Redacted) | Confidential information regarding negotiations for Williamson |

---

[3] Plaintiff could not locate a publicly filed version of Exhibit R.

Mr. Williamson also seeks to seal one exhibit, including references to it within Defendants' Memorandum of Law and Statement of Facts, in which Mr. Williamson's agents at CAA discuss and present strategies for recruiting Mr. Williamson, as well as for identifying and securing endorsement deals for Mr. Williamson. As set forth in Mr. Williamson's Sealing Brief (ECF 114 at 9-11) and the Shepherd Declaration, the documents contain confidential, sensitive, and competitive tactics relating to Mr. Williamson's recruitment, endorsement deals, and marketing strategy. Any portion of this exhibit that would not be redacted is immaterial or irrelevant, so sealing of the document in its entirety is appropriate here.

| **Exhibit No.** | **ECF No. Public** | **ECF No. Sealed** | **Description and Confidentiality Basis** |
|---|---|---|---|
| Squillace Ex. O | 116-28 | 121-15 | Confidential discussions of strategy regarding ideas to recruit Williamson as a client; confidential presentation materials |

Accordingly, Mr. Williamson requests that the Court permanently seal the endorsement contracts and representation agreements submitted in support of Defendants' Motion for Summary Judgment, negotiations of confidential and sensitive deal terms, and CAA's internal strategies and presentation materials with respect to the recruitment of Mr. Williamson, as well as references to confidential and sensitive portions of these documents in the Memorandum of Law or Statement of Facts in support of Defendants' Motion for Summary Judgment.

## 2. Mr. Williamson Seeks to Seal Confidential Deposition Testimony

Mr. Williamson also seems to seal certain limited portions of the deposition testimony of Mr. Williamson, Sharonda Anderson, Leander Anderson, Austin Brown, and Lisa Joseph-Metelus. Those portions of testimony that Mr. Williamson seeks to seal refer to or discuss those exhibits that Mr. Williamson seeks to seal, or contain discussions of personal or other confidential information. Mr. Williamson has submitted proposed redacted versions of these exhibits with this submission.

| **Exhibit No.** | **ECF No. Public** | **ECF No. Sealed** | **ECF No. Proposed Redaction** | **Basis for Redaction** |
|---|---|---|---|---|
| Squillace Ex. E | 116-14 | 121-5 | 134-6 (Highlighted) 135-6 (Redacted) | Reference to Williamson's confidential endorsement compensation |
| Squillace Ex. F | 116-16 | 121-6 | 134-7 (Highlighted) 135-7 (Redacted) | Reference to Williamson's confidential endorsement compensation |
| Squillace Ex. G | 116-17 | 121-7 | 134-8 (Highlighted) 135-8 (Redacted) | Reference to Williamson's confidential endorsement compensation |
| Squillace Ex. M | 116-34; 116-45[4] | 121-13 | 134-9 (Highlighted) 135-9 (Redacted) | Redaction of PII; direct quotes and discussion of Squillace Ex. O, ECF 121-15 (as discussed above); quote from Squillace Ex. MM, ECF 121-39 (as discussed above); discussion of CAA's confidential recruitment strategies |

---

[4] Both ECF 116-34 and 116-45 are labeled Exhibit "M."

- 6 -

| Squillace Ex. N | 116-39; 116-46[5] | 121-14 | 134-10 (Highlighted) 135-10 (Redacted) | Redaction of PII; direct quotes and discussion of Squillace Ex. O, ECF 121-15 (as discussed above) |

**3. Mr. Williamson Consents to File Certain Documents with Redactions**

The third category of documents at issue in connection with Defendants' Motion to Seal are documents to which Mr. Williamson does not object to the public filing, provided that they are filed with limited redactions of immaterial personal information pursuant to Local Rule 5.4(a)(3).[6] During the meet and confer process and subsequent emails between counsel for Defendants and counsel for Mr. Williamson, Mr. Williamson's counsel advised Defendants' counsel that Mr. Williamson did not object to the public filing of any of these documents, provided that Defendants' counsel redacted immaterial personal information in accordance with Local Rule 5.4(a)(3). Mr. Williamson's counsel further offered to provide redacted versions of the documents in question. Defendants' counsel stated that they would file the documents under seal in their entirety.

In connection with this submission, Mr. Williamson has, pursuant to Local Rule 5.4(c)(3), filed under seal versions of the following documents in which Mr. Williamson redacted immaterial portions of those documents (for example, personal cell phone

---

[5] Both ECF 116-39 and 116-46 are labeled Exhibit "N."
[6] To the extent any documents referenced in this section were designated as confidential by Defendants, Plaintiff takes no position with respect thereto.

numbers and email addresses where this information was not publicly available and could be removed while still clearly identifying the sender/recipient of the document).

| **Exhibit No.** | **ECF No. Public** | **ECF No. Sealed** | **ECF No. Redacted** | **Redaction Description** |
|---|---|---|---|---|
| Squillace Ex. I | 116-20 | 121-9 | 135-11 | Redaction of Mrs. Anderson's personal information |
| Squillace Ex. K | 116-23 | 121-11 | 135-12 | Redaction of Mrs. Anderson's and other individuals' personal information |
| Squillace Ex. L | 116-7 | 121-12 | 135-13 | Redaction of Mrs. Anderson's personal information |
| Squillace Ex. P | 116-30 | 121-16 | 135-14 | Redaction of Mr. Brown's and other individuals' personal information |
| Squillace Ex. Q | 116-32 | 121-17 | 135-15 | Redaction of Mrs. Anderson's email and the birth dates of various individuals |
| Squillace Ex. S | 116-42; 116-43[7] | 121-19 | 135-16 | Redaction of Mrs. Anderson's email and the birth dates of various individuals |
| Squillace Ex. T | [8] | 121-20 | 135-17 | Redaction of various individuals' personal information |
| Squillace Ex. W | [9] | 121-23 | 135-18 | Redaction of Ms. Metelus' and Mrs. Anderson's personal information |
| Squillace Ex. X | 116-41 | 121-24 | 135-19 | Redaction of Mrs. Anderson's personal information |
| Squillace Ex. AA | 116-9[10] | 121-27 | 135-20 | Redaction of CAA employees' personal information |
| Squillace Ex. DD | 116-13 | 121-30 | 135-21 | Redaction of Mr. Brown's and Mrs. Anderson's personal information |
| Squillace Ex. GG | 116-18 | 121-33 | 135-22 | Redaction of Mr. Anderson's personal information |
| Squillace Ex. HH | 116-19 | 121-34 | 135-23 | Redaction of Mrs. Anderson's personal information |

---

[7] Both ECF 116-42 and 116-43 are labeled Exhibit "S."

[8] Plaintiff could not locate a publicly filed version of Exhibit T.

[9] Plaintiff could not locate a publicly filed version of Exhibit W.

[10] ECF 116-9 includes cover pages for both Exhibit "Z" and Exhibit "AA."

| Squillace Ex. II | 116-21 | 121-35 | 135-24 | Redaction of various individuals' personal information |
| Squillace Ex. JJ | 116-22 | 121-36 | 135-25 | Redaction of Ms. Metelus' personal information |
| Squillace Ex. KK | 116-24 | 121-37 | 135-26 | Redaction of Mr. Brown's and Mrs. Anderson's personal information |
| Squillace Ex. NN | 116-27 | 121-40 | 135-27 | Redaction of Mrs. Anderson's and CAA employees' personal information |
| Squillace Ex. OO | 116-29 | 121-41 | 135-28 | Redaction of Mrs. Anderson's and CAA employees' personal information |
| Squillace Ex. PP | 116-31 | 121-42 | 135-29 | Redaction of Mr. Brown's and Mr. Williamson's personal information |
| Squillace Ex. SS | 116-36 | 121-44 | 135-30 | Redaction of CAA employees' personal information |

**4. Other Documents and Testimony**

Mr. Williamson takes no position with respect to the following documents also addressed in Defendants' Motion to Seal:

| **Exhibit No.** | **ECF No. Public** | **ECF No. Sealed** | **Description** |
| --- | --- | --- | --- |
| Squillace Ex. A | 116-8 | 121-1 | Gina Ford Deposition Transcript Excerpts |
| Squillace Ex. H | 116-37; 116-44[11] | 121-8 | Defendants' Marketing Plan in the possession of Leander Anderson (produced by Leander Anderson) |
| Squillace Ex. U | 116-38 | 121-21 | Email from CAA to BioSteel; email from EA Sports to Gina Ford |
| Squillace Ex. Y | 116-40 | 121-25 | Email from EA Sports to Gina Ford |
| Squillace Ex. Z | 116-9[12] | 121-26 | Emails between Gina Ford and Billy Inglis of NBA 2K |
| Squillace Ex. BB | 116-11 | 121-28 | Defendants' Marketing Plan |
| Squillace Ex. LL | 116-25 | 121-38 | Defendants' Partnership Summaries[13] |

---

[11] Both ECF 116-37 and 116-44 are labeled Exhibit "H."

[12] ECF 116-9 includes cover pages for both Exhibit "Z" and Exhibit "AA."

[13] Pages 11-18 of this document have been publicly filed by Defendants. *See Prime Sports Marketing and Gina Ford v. Zion Williamson et al.,* No. 2019-018705-CA-01 (Nov. 19, 2019 Miami-Dade Cty., FL) (Dkt. No. 24) at 280-292.

## CONCLUSION

For the reasons stated herein, Mr. Williamson requests that the Court grant in part Defendants' Motion to Seal. Specifically, in the event the Court denies any part of Defendants' Motion to Seal, Mr. Williamson requests that Court:

- Seal in full ECF Nos. 116-12, 116-15, 116-28, 121-15, 121-29, and 121-31;

- Unseal ECF No. 135-1, 135-2, 135-3, 135-4, 135-5, 135-6, 135-7, 135-8, 135-9, 135-10, 135-11, 135-12, 135-13, 135-14, 135-15, 135-16, 135-17, 135-18, 135-19, 135-20, 135-21, 135-22, 135-23, 135-24, 135-25, 135-26, 135-27, 135-28, 135-29, 135-30, which the Court may use to replace ECF Nos. 116-7, 116-9, 116-10, 116-13, 116-14, 116-16, 116-17, 116-18, 116-19, 116-20, 116-21, 116-22, 116-23, 116-24, 116-26, 116-27, 116-29, 116-30, 116-31, 116-32, 116-33, 116-34, 116-35, 116-36, 116-39, 116-41, 116-42, 116-43, 116-45, 116-46, 121-2, 121-6, 121-7, 121-9, 121-11, 121-12, 121-13, 121-14, 121-16, 121-17, 121-18, 121-19, 121-20, 121-23, 121-24, 121-27, 121-30, 121-33, 121-34, 121-35, 121-36, 121-37, 121-39, 121-40, 121-1, 121-42, 121-43, 121-44, 121-45 as laid out in the charts above;

- Grant any other such relief as the Court deems proper.

*[Signatures follow]*

Dated: February 25, 2022

/s/ John R. Wester
John R. Wester
N.C. Bar No. 4660
jwester@robinsonbradshaw.com

Robert E. Harrington
N.C. Bar No. 26967
rharrington@robinsonbradshaw.com

Fitz E. Barringer
N.C. Bar No. 42679
fbarringer@robinsonbradshaw.com

**Robinson, Bradshaw & Hinson, P.A.**
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000

Jeffrey S. Klein*
jklein@cgr-law.com

CLARICK GUERON REISBAUM LLC
220 Fifth Avenue, 14th Floor
New York, New York 10001
Telephone: (646) 398-5071

Zachary D. Tripp*
zack.tripp@weil.com

WEIL, GOTSHAL & MANGES LLP
2001 M Street NW, Suite 600
Washington, D.C. 20036
Telephone: (202) 682-7220

Lauren E. Richards*
lauren.richards@weil.com

Zachary Schreiber*
zach.schreiber@weil.com

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153-0119
Telephone: (212) 310-8591

Edward Soto*
edward.soto@weil.com

Pravin R. Patel*
pravin.patel@weil.com

WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3177

* Local Rule 83.1(d) Special Appearance

*Attorneys for Plaintiff*

## WORD COUNT CERTIFICATION

I hereby certify that this brief complies with Local Rule 7.3(d) and that this brief does not exceed 6,250 words.

Dated: February 25, 2022        /s/ John R. Wester
                                John R. Wester