IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ZION WILLIAMSON,

Plaintiff,

v.

1:19CV593

PRIME SPORTS MARKETING, LLC and
GINA FORD,

Defendants.

**ORDER**

Before the Court are Plaintiff's Motion to Strike and Disregard Defendants' Briefing and to Stay Response Deadline, (the "Motion to Strike/Stay"), (ECF No. 128), and Plaintiff's Motion for Expedited Consideration of Motion to Strike and Disregard Defendants' Brief and Stay Response Deadline, (the "Motion to Expedite"), (ECF No. 130).

Pertinent is the following procedural history: On January 28, 2022, Plaintiff and Defendants filed a Joint Motion to Extend Word Limits for Dispositive Motion Briefing, seeking to extend the word limit to 9,500 words for their memoranda in support of and opposition to their forthcoming dispositive motions, and an extension to 4,700 words for the reply memoranda. (ECF No. 97.) On January 31, 2022, the Court issued an Order increasing the word limit to 8,500 for the parties' respective memoranda in support of and in opposition to the dispositive motions, and to 4,000 words for their reply memoranda. (ECF No. 101.) On February 11, 2022, Defendants filed: their Notice of Motion for Summary Judgment which shall be construed as their motion for summary judgment, (ECF Nos. 115; 119); Local Rule

56.1 Statement of Undisputed Material Facts, (ECF No. 117-2), and Memorandum of Law in Support of Motion for Summary Judgment, (ECF No. 117-3).

Defendants initially filed their summary judgment briefing under a category called "Ex *Parte sealed documents*" but corrected these filings on February 14, 2022. (ECF Nos. 123, 24; *see* ECF No. 132 at 5–8.) Also, on February 14, 2022, Plaintiff filed his Motion to Strike/Stay, arguing that Defendants violated the "word-limit restrictions on summary judgment briefs set forth in Local Rule 56.1 and this Court's word-limit order of January 31, 2022." (ECF No. 128.) In response, Defendants filed an "Affirmation in Opposition to Plaintiff's Motion to Strike" setting forth their position that their filing complies with Local Rule 56.1. (ECF No. 132.)

Rule 83 of the Federal Rules of Civil Procedure, provides that "a district court . . . may adopt and amend rules governing its practice." Fed. R. Civ. P. 83(a)(1). Such rules "have the force and effect of law and are binding upon the parties and the court which promulgated them." *Jackson v. Beard*, 828 F.2d 1077, 1078 (4th Cir. 1987) (internal quotation marks omitted). This Court, the United States District Court for the Middle District of North Carolina, has promulgated such rules which are featured prominently on its website. This Court's Local Civil Rules, specifically Local Rule 56.1(d) entitled "Form of Briefs" provides in pertinent part that "[a] party requesting summary judgment on its claims shall set out" in its brief the following: (1) "a statement of the nature of the matter before the Court"; (2) "a statement of facts"; (3) "a statement of the questions presented"; and (4) "the elements that [the party] must prove (with citations to supporting authority), and the specific, authenticated facts existing in the record or set forth in accompanying affidavits that would be sufficient to support a jury

finding of the existence of those elements." LR 56.1(d). Further under Local Rule 56.1(c) entitled "Limitations of Length of Briefs" provides that such brief must not exceed 6,250 words, "[e]xcept with the Court's prior permission." *Id.* 7.3(d)(1), 56.1(c).

Here, Defendants' filed their opening brief as two separate documents. (*See* ECF Nos. 123; 124.) The first document, Defendants' Memorandum of Law in Support of Motion for Summary Judgment contains Defendants' Statement of the Nature of the Case, Questions Presented, and Memorandum of Law. (ECF No. 123.) This document contains a Certificate of Word Count, which certifies that the Memorandum of Law is 8,494 words. (*Id.*) However, the word count only encompasses the Memorandum of Law section of Defendants' brief and omits the Statement of the Nature of the Case and Questions Presented sections. (ECF No. 132 at 2–5.) Inclusion of the Statement of the Nature of the Case and Questions Presented sections would result in an overage of 406 words, thus exceeding the word limit permitted by the Local Rules and this Court. (*Id.*) The second document, Defendants' Local Rule 56.1 Statement of Undisputed Material Facts is a 71-page document containing Defendants' statement of facts. (ECF No. 124.) Defendants' word count for its Memorandum of Law also neglects to include any of the words contained in their statement of facts. (ECF No. 132 at 2–5.)

This Court's Local Rules do not permit a party to file a separate statement of facts, even if it is attached as an exhibit or appendix to its brief. *See* L.R. 7.1–7.6, 56.1. Further, even if such practice was allowed, Defendants separately-filed 71-page statement of facts certainly could not be characterized as a "concise statement of the facts" as required by this Court local rules. *Id.* 7.2(a). This practice of filing a separate Statement of Facts is neither

3

allowed by this Court's Local Rules, nor is it condoned by this Court. *See Champion Pro Consulting Group, LLC. v. Impact Sports Football, LLC.*, 116 F. Supp. 3d 644, 647 (M.D.N.C. 2015). The Court, therefore, concludes that Defendants' Memorandum of Law in Support of Motion for Summary Judgment, (ECF No. 123), and Local Rule 56.1 Statement of Undisputed Material Facts, (ECF No. 124), substantially exceeds the 8,500 word-limit imposed by this Court and, therefore, fails to comply with this Court's January 31, 2022 Order and this Court's Local Rule 56.1.

The word limitations imposed by the Local Rules serve to "facilitate the equitable and efficient adjudication of motions by the Court." *Guessford v. Penn. Nat'l Mut. Cas. Ins. Co.*, No. 1:12CV260, 2013 WL 12136501, at *2 (M.D.N.C. May 24, 2013). While under Local Rule 83.4, the Court has the power to sanction an attorney or party for failure to comply with a Local Rule, L.R. 83.4(a), this Court is more concerned with ensuring that a case of such significance as the one before the Court, be handled equitably, expeditiously, and within the confines of this Court's rules. Therefore, to resolve these issues and re-focus this litigation on the purpose as set out in the Local Rules to "foster civility in the practice of law before this Court, and to promote the just and prompt determination of all proceedings," L.R. 1.1, the Court will strike Defendants' Memorandum of Law in Support of Motion for Summary Judgment, (ECF No. 123), and Defendants' Local Rule 56.1 Statement of Undisputed Material Facts, (ECF No. 124). Defendants will be permitted to file an amended summary judgment brief/memorandum that complies in all respects with this Court's Local Rules and January 31, 2022 Order, within 10 days of the filing of this Order.

This Court cautions each of the parties to adhere to this Court's Local Rules going forward. Failure by Defendants to comply with this Order may result in further sanction, pursuant to this Court's authority under Local Rules 83.4(a)(3).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike and Disregard Defendants' Briefing and to Stay Response Deadline, (ECF No. 128), and Plaintiff's Motion for Expedited Consideration of Motion to Strike and Disregard Defendants' Brief and Stay Response Deadline, (ECF No. 130), are hereby GRANTED in part and DENIED in part. These motions are GRANTED to the extent that Defendants'/Counter-Plaintiffs' Memorandum of Law in Support of Motion for Summary Judgment, (ECF No. 123), and Defendants'/Counter-Plaintiffs' Prime Sports Marketing, LLC's and Gina Ford's Local Rule 56.1 Statement of Undisputed Material Facts, (ECF No. 124), are hereby STRICKEN and shall be disregarded wherever these documents appear on the docket. The motion is DENIED AS MOOT as to the Plaintiff's Motion to Expedite, (ECF No. 130), except as it relates to the Stay of Response which is addressed below.

IT IS FURTHER ORDERED that Defendants shall file an amended summary judgment brief in support of Defendants' Notice of Motion for Summary Judgment, (ECF No. 119), which strictly comports with this Court's Local Rules, this Court's January 31, 2022 Order, (ECF No. 101), as well as this Order, within 10 days of the filing of this Order.

IT IS FURTHER ORDERED that Plaintiff's time to file its Response to Defendants' Motion for Summary Judgement is and shall be suspended until such time as Defendants' amended brief/memorandum has been filed consistent with this Order. Upon the filing of Defendant's amended brief/memorandum Plaintiff's time to file its Response to same shall

resume and shall be consistent with the filing deadlines imposed by Federal Rules of Civil Procedure and this Court's Local Rules. All other deadlines shall likewise follow the Rules of this Court.

This, the 28th day of February 2022.

/s/ Loretta C. Biggs
United States District Judge