# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No.: 1:19-cv-00593-LCB-JLW

ZION WILLIAMSON,

    Plaintiff/Counter-Defendant

v.

PRIME SPORTS MARKETING, LLC, and GINA FORD,

    Defendants/Counter-Plaintiffs.

---

## RESPONSE TO PLAINTIFF'S/COUNTER-DEFENDANT'S MOTION TO SEAL

---

GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC
21 E. Osceola Street
Stuart, Florida 34994-2213
(772) 283-8260; (772) 220-3343(fax)

LAW OFFICE OF ALVIN L. PITTMAN
Airport Center Building
5901 W. Century Blvd., Suite 412
Los Angeles, California 90045
(310) 337-3077; (310) 337-3080(fax)

DRUMMOND & SQUILLACE, PLLC
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050; (718) 298-554(fax)

| | |
|---|---|
| ZION WILLIAMSON,<br><br>**Plaintiff/Counter-Defendant**<br><br>v.<br><br>**PRIME SPORTS MARKETING, LLC and GINA FORD,**<br><br>**Defendants/Counter-Plaintiffs.** | **RESPONSE TO PLAINTIFF'S/COUNTER-DEFENDANT'S MOTION TO SEAL** |

Pursuant to Local Rules 5.4, 5.4(c), 5.4(c)(3) and 5.4 (c)(4)(b), Defendants'/Counter-Plaintiffs submit the within Response to Plaintiff's/Counter-Defendant's Motion to Seal [DE 168] filed in connection with his Opposition to Defendants'/Counter-Plaintiffs' Motion for Summary Judgment and in furtherance of all of Defendants'/Counter-Plaintiffs' Motions to Seal and Responses/Replies to Motions to Seal. Defendants'/Counter-Plaintiffs' join in the motion and application to file Plaintiff's/Counter-Defendant's Exhibits under seal as same have been designated as Confidential by Defendants/Counter-Plaintiffs, as same are confidential and protected business and client information and as same contain confidential and protected business trade secrets of Defendants/Counter-Plaintiffs. To have same filed on the public docket would violate the parties'

1

Confidentiality Order [DE 78] and would violate Defendants'/Counter-Plaintiffs' designation of same materials/information/testimony/documents as being "confidential" pursuant to same Order. In order to maintain and protect their confidentiality and pursuant to the parties' Joint Confidentiality Protective Order [DE 78], these Exhibits should remain under seal as originally filed for the pendency of the action.

In furtherance and in support of the sealed filing, Defendants/Counter-Plaintiffs refer this Honorable Court to the Exhibits themselves that demonstrate the confidential and protected information/business information/client information/trade secrets herein and to the parties' Joint Confidentiality Protective Order [DE 78] pursuant to which Defendants/Counter-Plaintiffs designated these Exhibits and the information contained therein to be confidential—a designation that Defendants/Counter-Plaintiffs do not waive or withdraw. The Defendants'/Counter-Plaintiffs' protected confidential trade secrets are the very critical issues before this Court and to publicly disclose their trade secrets on the public Docket would cause irreparable harm and damages, just like the harm and damages visited upon them by Plaintiff in this action in taking and misappropriating their trade secrets. Plaintiff's purported proposed redactions during the parties' meet-and-confers merely protected his/his agents' information and proposed leaving exposed, all of Defendants'/Counter-Plaintiffs' confidential,

protected, proprietary, privileged and trade secrets information/records/documents/testimonies about same, confidential contacts and the like. Plaintiff's purported proposed redaction were frivolous and were an intentional effort to expose Defendants'/Counter-Plaintiffs' protected confidential trade secrets, in an effort to then deem them not protected or not confidential in furtherance of Plaintiff's claimed position in this case, for all of the world to see on the public Docket and, as such, their proposed redactions were properly rejected as same were disingenuous and not made in good faith. Indeed, while the public's interest in the case is factored, the public interest is satisfied with the filings redacted as they are, as the protection of Defendants'/Counter-Plaintiffs' protected, confidential and proprietary information/product/marketing materials/marketing plans/contacts/business relationships/trade secrets, including their Brand Management Strategy and Partnership Summaries that are subjects in this case far outweigh any public interest and the harm to be visited upon them if such redactions are lifted, is irreparable to Ms. Ford personally and to her business PSM which is her livelihood and is the means by which, as a single mother, she supports and provides for her two children.

Defendants/Counter-Plaintiffs further refer this Honorable Court to all of their previously filed Motions to Seal and Responses/Replies to Plaintiff's Motions to Seal, including but not limited to, their Motion to Seal [DE 139], their Amended

3

Motion to Seal [DE 147], their Motion to Seal [DE 171] and all other Motions to Seal/Responses/Replies to Motions to Seal previously filed herein, and, further refer this Honorable Court to their LR 5.4 d Checklists/Summaries in furtherance of same, to the Exhibits themselves that reflect the protected confidential information/documents/records/trade secrets, including the trade secrets that are the subject of this case, and the testimonies/records/Affidavits detailing and discussing same, as well as to their Reply [DE 162] to Plaintiff's/Counter-Defendant's Response to their Motion and Amended Motion to Seal [DE 139, 147].

These Exhibits contain, state and detail, confidential, confidentiality designated, protected and proprietary information/property/trade secrets/personnel information, confidential contacts, confidential trade secret marketing ideas/concepts/structures/negotiations/formulas/methods/deals and the confidential trade secrets of Defendants/Counter-Plaintiffs herein, specifically their strategic global Brand Management Plan and the detailed marketing trade secrets contained therein as well as their strategic global partnership alignments/deals/marketing alignment structures that are Defendants'/Counter-Plaintiffs' confidential trade secrets herein and that have been deemed confidential by Defendants/Counter-Plaintiffs pursuant to the parties' Confidentiality Protective Order [DE 78]. Indeed, these confidential, protected and

4

confidentiality designated trade secrets are the critical issues/matters before this Court for which Defendants/Counter-Plaintiffs did not and do not agree to have publicly filed and, at the end of the parties' meet and confer it was understood and agreed upon by the parties which Exhibits would be filed under seal.

Further, in addition to the confidential identity of the business contacts contained in these Exhibits, the Affidavit submitted as Exhibit "WW" and "Supplemental WW" is by a witness in this case that, as his Affidavits state, specifically requests that hs Affidavit be filed under seal as he attests that he received a threatening message in December 2021 to not get involved in this case. See Exhibits "WW" and "Supplemental WW".

Based upon the foregoing, Defendants/Counter-Plaintiffs request that these Exhibits remain filed under seal herein in order to protect and safeguard this Confidentiality, pursuant to Local Rule 5.5 and pursuant to the parties' joint LR 5.5 report and, most importantly, pursuant to the Joint Stipulation of Confidentiality and Protective Order which was endorsed by this Honorable Court [DE 78]. Accordingly, it is respectfully requested that the Exhibits remain filed under seal as originally filed in order to protect Defendants'/Counter-Plaintiffs' confidentiality and their confidentiality designated personal information, business information, client information, confidential trade secrets, confidential marketing trade secrets/ideas/concepts/formulas/methods/structures/strategic partnership

5

alignments/Brand Management Plan/Partnership Summaries/strategic marketing deal structures and the like, as detailed herein and as detailed and set forth in Defendants'/Counter-Plaintiffs' LR 5.4 d Checklists, and in order to protect and maintain their confidentiality and confidential designations pursuant to the parties' Joint Confidentiality Protective Order [DE 78].

Should this Court, in order to determine all of these Motions to Seal, request or require Defendants'/Counter-Plaintiffs' to submit proposed redactions to those Exhibits that are filed under seal, it is respectfully requested herein that, given the number of motion papers submitted by both parties, including moving papers, opposing papers and reply papers, and given the number and volume of Exhibits each party submitted in support/furtherance of their respective motion papers/opposing papers/reply papers, that Defendants'/Counter-Plaintiffs be given three weeks from the date of any such Court request to submit same.

Dated: April 21, 2022                Respectfully submitted,

/s/ JoAnn Squillace, Esq.
JoAnn Squillace*
jsquillace@dswinlaw.com
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants/Counter-Plaintiffs
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050; Fax: (718) 298-5554
*Local Rule 83.1(d) Special Appearance

/s/ Stephen L. Drummond, Esq.
Stephen L. Drummond*
sdrummond@dswinlaw.com
DRUMMOND & SQUILLACE, PLLC
Attorneys for Defendants/Counter-Plaintiffs
PRIME SPORTS MARKETING, LLC
and GINA FORD
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
Tel: (718) 298-5050; Fax: (718) 298-5554
*Local Rule 83.1(d) Special Appearance


/s/ Willie E. Gary, Esq.
Willie E. Gary*
weg@williegary.com
GARY, WILLIAMS, PARENTI, WATSON
& GARY, PLLC
Attorneys for Defendants/Counter-Plaintiffs
PRIME SPORTS MARKETING, LLC
and GINA FORD
221 E. Osceola Street
Stuart, Florida 34994
(772) 283-8260
*Local Rule 83.1(d) Special Appearance

/s/ Alvin L. Pittman, Esq.
Alvin L. Pittman
(N.C. Bar No. 8460)
office@apittman-law.com
Law Offices of Alvin L. Pittman
Attorneys for Defendants/Counter-Plaintiffs
PRIME SPORTS MARKETING, LLC
and GINA FORD
Airport Center Building
5901 W Century Boulevard, Suite 412
Los Angeles, California 90045
(310) 337-3077; (310) 337-3080(fax)

7

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No.: 1:19-cv-00593-LCB-JLW

ZION WILLIAMSON,

      Plaintiff/Counter-Defendant

v.

PRIME SPORTS MARKETING, LLC, and GINA FORD,

      Defendants/Counter-Plaintiffs.

# RESPONSE TO PLAINTIFF'S/COUNTER-DEFENDANT'S MOTION TO SEAL

GARY, WILLIAMS, PARENTI, WATSON & GARY, PLLC
21 E. Osceola Street
Stuart, Florida 34994-2213
(772) 283-8260; (772) 220-3343(fax)

LAW OFFICE OF ALVIN L. PITTMAN
Airport Center Building
5901 W. Century Blvd., Suite 412
Los Angeles, California 90045
(310) 337-3077; (310) 337-3080(fax)

DRUMMOND & SQUILLACE, PLLC
175-61 Hillside Avenue, Suite 205
Jamaica, New York 11432
(718) 298-5050; (718) 298-554(fax)